Lewis M. Francis, USB 6545
Brennan Curtis, USB 16433
**Parsons Behle & Latimer**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone:  801.532.1234
Facsimile:  801.536.6111
LFrancis@ParsonsBehle.com
bCurtis@ParsonsBehle
ecf@parsonsbehle.com

Joseph F. Cleveland, Jr., Texas Bar #04378900*(To Be Admitted Pro Hac Vice)*
Angelique M. McCall, Texas Bar #24104172 *(To Be Admitted Pro Hac Vice)*
**BRACKETT & ELLIS**
100 Main Street
Fort Worth, Texas 76102-3090
Telephone:  817.338.1700
Facsimile:  817.870.2265

*Attorneys for Plaintiff*

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| HRUSKA'S GROCERY COMPANY, | **COMPLAINT** |
| Plaintiff, | Case No. CaseNumber |
| vs. | Magistrate Judge MagistrateJudgeName |
| HRUSKA'S INC. d/b/a HRUSKA'S KOLACHES, HRUSKA'S WEST JORDAN, LLC, HRUSKA'S SUGARHOUSE, LLC, HRUSKA'S PROVO, LLC, HRUSKA'S OREM, LLC, HRUSKA'S MANAGEMENT GROUP, INC., HRUSKA'S AMERICAN FORK, LLC, | Jury Trial Demanded |
| Defendants. | |

Plaintiff Hruska's Grocery Company files this original complaint against Defendants Hruska's, Inc. d/b/a Hruska's Kolaches, Hruska's West Jordan, LLC, Hruska's Sugarhouse, LLC, Hruskas Provo, LLC, Hruskas OREM, LLC, Hruskas Management Group, Inc., and Hruskas American Fork, LLC and would show the Court the following:

**I.     PARTIES**

1.     Plaintiff Hruska's Grocery Company is a Texas corporation with its principal place of business in La Grange, Fayette County, Texas.

2.     Defendant Hruska's, Inc. d/b/a Hruska's Kolaches is a Utah corporation with its principal place of business located at 9256 S Penrith Way, West Jordan, Salt Lake County, Utah 84088, and may be served with process by serving its registered agent—Ross Hruska—at 9256 S Penrith Way, West Jordan, Salt Lake County, Utah 84088.

3.     Defendant Hruskas West Jordan, LLC is a Utah limited liability company with its principal place of business located at 9256 S Penrith Way, West Jordan, Salt Lake County, Utah 84088 and may be served with process by serving its registered agent—Ross Hruska—at 9256 S Penrith Way, West Jordan, Salt Lake County, Utah 84088.

4.     Defendant Hruska's Sugarhouse, LLC is a Utah limited liability company with its principal place of business located at 9256 S Penrith Way, West Jordan, Salt Lake County, Utah 84088 and may be served with process by serving its registered agent—Ross Hruska—at 9256 S Penrith Way, West Jordan, Salt Lake County, Utah 84088.

5.     Defendant Hruskas Provo, LLC is a Utah limited liability company with its principal place of business located at 9256 S Penrith Way, West Jordan, Salt Lake County, Utah

2

84088 and may be served with process by serving its registered agent—Ross Hruska—at 9256 S Penrith Way, West Jordan, Salt Lake County, Utah 84088.

6.     Defendant Hruskas OREM, LLC is a Utah limited liability company with its principal place of business located at 9256 S Penrith Way, West Jordan, Salt Lake County, Utah 84088 and may be served with process by serving its registered agent—Ross Hruska—at 9256 S Penrith Way, West Jordan, Salt Lake County, Utah 84088.

7.     Defendant Hruskas Management Group, Inc. is a Utah corporation with its principal place of business located at 9256 S Penrith Way, West Jordan, Salt Lake County, Utah 84088 and may be served with process by serving its registered agent—Ross Hruska—at 9256 S Penrith Way, West Jordan, Salt Lake County, Utah 84088.

8.     Defendant Hruskas American Fork, LLC is a Utah limited liability company with its principal place of business located at 9256 S Penrith Way, West Jordan, Salt Lake County, Utah 84088 and may be served with process by serving its registered agent—Ross Hruska—at 9256 S Penrith Way, West Jordan, Salt Lake County, Utah 84088.

9.     Unless otherwise indicated, Hruska's Grocery Company will be referred to as "Plaintiff," and Hruska's, Inc. d/b/a Hruska's Kolaches, Hruska's West Jordan, LLC, Hruska's Sugarhouse, LLC, Hruskas Provo, LLC, Hruskas OREM, LLC, Hruskas Management Group, Inc., and Hruskas American Fork, LLC will be collectively referred to as "Defendants."

## II.     <u>JURISDICTION AND VENUE</u>

10.     This Court has federal question jurisdiction under 28 U.S.C. § 1338 because this is a civil action for federal trademark infringement under section 43 of the Lanham Act,

15 U.S.C. § 1117. The Court has supplemental jurisdiction over Plaintiff's unjust enrichment claim under 28 U.S.C. § 1338(b).

11.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Plaintiff's claims arose from actions within this district, and Defendants' principal places of business are in this district.

### III.     BACKGROUND

#### A.     Plaintiff's family history

12.     In 1912, Frank J. Hruska founded Plaintiff's original family store—called "the F.J. Hruska General Merchandise Store"—on Main Street in downtown Ellinger, Texas. The F.J. Hruska General Merchandise Store provided the small Southeast Texas community of Ellinger with groceries, mild medicinals and household goods, furniture, shoes, live poultry, and even ambulance services. A photograph of the F.J. Hruska General Merchandise Store is depicted below:



13.     In 1947, Frankie R. Hruska and Gus Lee Hruska inherited the store from their father, Frank J. Hruska.  The brothers changed the name of the store from "the F.J. Hruska General Merchandise Store" to "Hruska Brothers."

14.     In 1952, Frankie and his wife—Bessie—opened a service station along Highway 71 in Ellinger Texas.  In 1966, the Hruska brothers parted ways professionally. Frankie and Bessie relocated the Hruska Brothers store to their service station and changed the name of the store to "Hruska's Store and Bakery." In 1995, Frankie and Bessie's granddaughter—Teresa James—began managing the Hruska's store and later took over the family business.  Plaintiff still operates at the same location on Highway 71, which is about an hour and a half from Houston, Texas.

15.     Presently, Plaintiff's store offers convenience store essentials, baked goods, kolaches,[1] made-to-order grilled hamburgers and cheeseburgers, snacks, beverages, clothing, branded merchandise, and seasonal and year-round gifts and home accessories.

**B.     Plaintiff's Kolaches**

16.     In 1962, Adolphine Krenek began baking fresh kolaches for Plaintiff to sell. Every Saturday morning in her home kitchen, Adolphine used her own special recipe to bake about 540 kolaches for Plaintiff to sell during the week.  Adolphine used the freshest ingredients—including milk, cream, and cheese from her own livestock, and poppyseeds from her garden—to bake her kolaches.  A photograph of Plaintiff's kolaches is depicted below:

---

[1] A kolache is a Czech pastry made from yeast dough, and typically filled with meat, fruit, cheese, or other ingredients.



17.     When Adolphine was too old to continue to bake kolaches for Plaintiff, she handed her recipe down to Agnes Polasek, a neighbor of Frankie and Bessie Hruska. As demand for Plaintiff's kolaches grew, Agnes enlisted Frankie and Bessie's 11-year-old granddaughter, Teresa James, to help bake the kolaches. In the early 1990s, Texas law prohibited off-site food preparation, and Agnes was forced to close her kolache kitchen. As a result, Plaintiff was not able to sell kolaches for five years.

18.     In 1995, when Teresa James began managing Plaintiff's store, she brought back the kolaches and started baking them on-site. Today, using Adolphine Krenek's original recipe and the freshest ingredients, Teresa and her staff—many of whom have worked for the family business for decades—bake and sell 16 varieties of top-notch kolaches.

### C.      Federal Trademark Registrations Owned by Plaintiff

19.     Plaintiff is the owner of the following federal trademarks (collectively, the HRUSKA's Marks):

- HRUSKA'S® (U.S. Registration No. 6,514,796) in multiple classifications, including class 30 for "baked goods, namely, kolaches," and class 35 for "retail store services featuring baked goods, namely, kolaches";



- ® (U.S. Registration No. 7,436,318) (Pear Mark) in multiple classifications, including class 30 for "baked goods, namely, kolaches," and class 35 for "retail store services featuring baked goods, namely, kolaches"; and



- ® (U.S. Registration No. 7,319,495) (Pear & Pin Mark) in multiple classifications, including class 30 for "baked goods, namely, kolaches," and class 35 for "retail store services featuring baked goods, namely, kolaches."

20.     Plaintiff has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the HRUSKA'S Marks. As a result, products bearing the HRUSKA's Marks are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality products sourced from Plaintiff and have acquired strong secondary meaning.

21.     The registration of the HRUSKA'S Marks constitutes prima facie evidence of their validity and conclusive evidence of Plaintiff's exclusive right to use the marks in connection with the goods identified therein and other commercial goods.

22.      The registration of the HRUSKA'S Marks also provides constructive notice of Plaintiff's ownership and exclusive rights in the HRUSKA'S Marks to Defendants.

23.     Since at least 1995, the HRUSKA'S Marks have been continuously used in interstate commerce and have never been abandoned.

**D.      Defendants and their infringing conduct**

24.     Defendants sell baked goods—including kolaches—in Utah using the work mark HRUSKA'S KOLACHES and the design mark depicted below (Infringing Marks):



25.     On information and belief, in 2014, Defendants began selling kolaches bearing the Infringing Marks in its original store located in Provo, Utah.  Since then, Defendants have opened three additional locations in American Fork, West Jordan, and Salt Lake City and continue to use the Infringing Marks. On information and belief, Defendants are in the process of opening at least two additional stores in Utah.

26.     The Defendants use the Infringing Marks on their storefronts, as depicted below:



Defendants' Provo, Utah storefront.



Defendants' Salt Lake City, Utah storefront

4875-4380-3375.v1



Defendants' American Fork, Utah storefront.



Defendant's West Jordan, Utah storefront.

4875-4380-3375.v1

27.    Defendants also use the Infringing Marks inside their stores, as depicted below:



Defendants' infringing pear design mark.



Defendants' infringing word and design marks on staff clothing.

28.     On information and belief, in 2019, Defendants' bakery was featured on the Food Network's program entitled "Diners, Drive-Ins, and Dives" (the DDD Episode). In the DDD Episode—entitled titled "Guy Eats Homesick Texans' Kolaches in Salt Lake City"—there are numerous references about the Defendants' connection to the city of Houston and the state of Texas, which further confuses consumers. Inside Defendants' store featured in the DDD

Episode, there are also several references to Texas, including a "Texas" sign and a Texas "Lonestar" prominently hanging on the store's wall, as depicted below:





29.     After the show aired, consumers began visiting Plaintiff and inquiring whether it was affiliated with, endorsed by, or sponsored by Defendants.  Specifically, consumers asked whether it was Plaintiff that appeared on the DDD Episode and questioned whether Plaintiff owned stores in Utah.  Plaintiff also received several telephone calls from individuals wishing to

enter franchise agreements. Plaintiff received so many inquiries that it eventually began surveying consumers to document the actual consumer confusion.  In the surveys, Plaintiff asked consumers four "yes" or "no" questions:

> (1)    Have you heard of bakery called Hruska's Kolaches in Utah?
>
> (2)    Are Hruska's Kolaches in Utah and Hruska's in Ellinger, Texas the same store, a different store, or don't you know?
>
> (3)    Did you visit Hruska's in Ellinger, Texas because you believed it was affiliated with, sponsored by, or endorsed by Hruska's Kolaches in Utah?
>
> (4)    Did you believe Hruska's of Ellinger, Texas and Hruska's Kolaches in Utah were the same bakery in different locations?

Plaintiff received numerous responses from consumers answering the questions in the affirmative, which is evidence of actual consumer confusion.

30.    On August 26, 2024, counsel for Plaintiff sent Defendants a letter informing them of their infringement and demanding that they cease and desist using the Infringing Marks. Despite having knowledge of Plaintiff's ownership and trademark rights, Defendants continue using the Infringing Marks.

### IV.    CLAIMS

**Count I.        Federal Trademark Infringement by Defendants**

31.    Plaintiff repeats and realleges each of the allegations contained in paragraphs 1-30 above.

32.    Plaintiff is the owner of the HRUSKA'S Marks. Since at least 1995, Plaintiff has continually used the HRUSKA'S Marks in connection with the sale of baked goods and kolaches.

33.     Defendants have used and continue to use Infringing Marks to advertise, promote, and sell baked goods, including kolaches, in violation of Section 1114 of the Lanham Act.

34.     Plaintiff has not authorized Defendants to use any of its registered trademarks in connection with the sale of baked goods and kolaches.

35.     Defendants' unauthorized use of the registered trademarks in connection with the sale, offering for sale, distribution, and advertising of baked goods and kolaches is likely to cause customer confusion that Defendants were and are authorized to sell the baked goods and were and are affiliated with, approved, or sponsored by Plaintiff.

36.     Defendants committed these acts of infringement with actual notice of the federal trademark registrations and with full knowledge that their unauthorized use of these marks was intended to cause confusion, to cause mistake, or to deceive.

37.     As direct result of Defendants' acts and conduct, Plaintiff sustained damages and is entitled to recover its damages, Defendants' profits, and the costs of this action.  15 U.S.C. § 1117.  Furthermore, Defendants infringed the HRUSKA'S Marks willfully and intentionally, making this an exceptional case entitling Plaintiff to treble damages and reasonable attorneys' fees. *Id*.

38.     As a direct result of Defendants' acts and conduct, Plaintiff sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.  Plaintiff is thus entitled to preliminary and permanent injunctive relief to restrain Defendants' continued infringing conduct.  15 U.S.C. § 1116.

**Count II.      Unfair Competition by Defendants in Violation of the Lanham Act**

39.     Plaintiff repeats and realleges each of the allegations contained in paragraphs 1-38 above.

40.     Defendants' infringing use of Plaintiff's registered marks constitutes unfair competition in violation of Lanham Act sections 1114 and 1125(a).  The registered trademarks owned by Plaintiff are distinctive and have acquired secondary meaning.   Defendants' intentional and bad faith conduct constitutes unfair competition because their conduct was designed and knowingly intended to confuse customers and potential customers into believing Defendants are affiliated with Plaintiff.

41.     Defendants' actions have damaged Plaintiff by unlawfully trading on its good name and registered trademarks.  Accordingly, Plaintiff seeks the recovery of damages sustained, the disgorgement of the profits earned by Defendants, and the cost of this action, for which Plaintiff now sues.

42.     Defendants' actions set forth above were and are intentional, willful, and in reckless disregard for the rights of Plaintiff and constitute willful unfair competition under § 1125(a)(1) of the Lanham Act, which entitles Plaintiff to recover three times its actual damages under 15 U.S.C. § 1117(a), for which Plaintiff now sues.

43.     Because this is an "exceptional case" of trademark infringement, Plaintiff also seeks the recovery of its attorney's fees under 17 U.S.C. § 1117(a).

**Count III.      Unjust Enrichment by Defendants under Utah Common law**

44.     Plaintiff repeats and realleges each of the allegations contained in paragraphs 1-43 above.

45.     The intentional and willful actions by Defendants constitute unjust enrichment because by using the registered marks owned by Plaintiff in order to sell unauthorized baked goods with the intent to make a profit, consumers are likely to be confused as to the source, affiliation, and sponsorship of the unauthorized baked goods.

46.     As a result of the wrongful conduct by Defendants, Plaintiff has been damaged and is entitled to recover the benefits wrongfully obtained by them, including the disgorgement of profits earned by Defendants and actual damages and attorney's fees, for which Plaintiff now sues.

## V.      REQUEST FOR INJUNCTIVE RELIEF

47.     Plaintiff repeats and realleges each of the allegations contained in paragraphs 1-46 above.

48.     In accordance with Rule 65 of the Federal Rules of Civil Procedure and pursuant to 15 U.S.C. § 1116 and 17 U.S.C. § 502, Plaintiff seeks a preliminary and/or permanent injunction against Defendants because Plaintiff is likely to succeed on the merits, there is no adequate remedy at law and in the absence of the entry of an injunction, Plaintiff will suffer serious irreparable harm and injury.  Specifically, Defendants' conduct has been deliberate and willful trademark infringement in that they intended to trade on the good name and reputation of the registered trademarks owned by Plaintiff.  Plaintiff is suffering and will continue to suffer irreparable harm by Defendants' intentional, willful, and reckless actions unless this Court orders an injunction requiring Defendants to cease selling or offering for sale baked goods and kolaches using the HRUSKA'S Marks. Therefore, in the absence of an injunction, Plaintiff will suffer and

4875-4380-3375.v1

continues to suffer irreparable loss and damage to its trade, reputation, and goodwill for which there is no adequate remedy at law.

49.     For the reasons stated, Plaintiff requests that this Court enter a preliminary and/or permanent injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116 and 17 U.S.C. § 502, prohibiting Defendants and all those in active concert or participation with them from selling, offering for sale, distributing, or advertising in commerce any baked goods displaying any registered trademarks owned by Plaintiff.

## VI.     DEMAND FOR PRESERVATION OF DOCUMENTS

50.     IT IS REQUESTED THAT ALL DOCUMENTS OR OTHER DATA COMPILATIONS WHICH IMPACT ON THE SUBJECT MATTER OF THIS LITIGATION BE PRESERVED AND THAT ANY ON-GOING PROCESS OF DOCUMENT DESTRUCTION INVOLVING SUCH DOCUMENTS CEASE.

## VII.     JURY DEMAND

51.     Plaintiff requests a trial by jury.

## VIII.   PRAYER

52.     For the reasons stated, Plaintiff respectfully requests this Court to award it the following:

  a.     Actual, consequential, and special damages;

  b.     Disgorgement of Defendants' profits;

  c.     Exemplary damages;

  d.     Treble damages as provided under 15 U.S.C. § 1117(a);

  e.     Pre- and post-judgment interest;

  f.     Reasonable and necessary attorney's fees;

4875-4380-3375.v1

g.  Court costs;

h.  A preliminary and/or permanent injunction prohibiting Defendants and all those in active concert or participation with them from selling, offering for sale, distributing or advertising in commerce any products displaying any baked goods displaying any registered trademarks owned by Plaintiff; and

i.  Enter such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted this 11th day of October, 2024.

/s/ *Lewis M. Francis*

Lewis M. Francis
**PARSONS BEHLE & LATIMER**

Joseph F. Cleveland, Jr., Texas Bar #04378900 (*pro hac vice* forthcoming)
Angelique M. McCall, Texas Bar #24104172 (*pro hac vice* forthcoming)
**BRACKETT & ELLIS**
100 Main Street
Fort Worth, Texas 76102-3090

*Attorneys for Plaintiff*