Joshua S. Rupp (#12647)
jrupp@kmclaw.com
K. Russell Griggs (#18002)
rgriggs@kmclaw.com
**KIRTON McCONKIE**
36 S. State St., #1900
Salt Lake City, Utah 84111
Telephone: (801) 328-3600
Facsimile: (801) 321-4893
*Attorneys for Defendants Hruska's, Inc. d/b/a Hruska's Kolaches, et al.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| HRUSKA'S GROCERY COMPANY,<br><br>Plaintiff and Counterclaim Defendant,<br><br>vs.<br><br>HRUSKA'S, INC. d/b/a HRUSKA'S KOLACHES, HRUSKA'S WEST JORDAN, LLC, HRUSKA'S SUGARHOUSE, LLC, HRUSKA'S PROVO, LLC, HRUSKA'S OREM, LLC, HRUSKA'S MANAGEMENT GROUP, INC., and HRUSKA'S AMERICAN FORK, LLC,<br><br>Defendants and Counterclaimant. | **DEFENDANTS' DUCivR 37-1(b) EXPEDITED SHORT FORM DISCOVERY MOTION TO COMPEL REPSONSES TO INTERROGATORY NOS. 4-5, 9 & 15 AND DOCUMENTS RESPONSIVE TO REQUEST FOR PRODUCTION NOS. 1-2 & 8-14**<br><br>Case No. 2:24-cv-00769-JNP-DAO<br><br>District Judge Jill N. Parish<br><br>Magistrate Judge Daphne A. Oberg |

Defendants respectfully move to compel Plaintiff's (a) responses to Interrogatory Nos. 4-5, 9 and 15 and (b) documents responsive to Request for Production ("RFP") Nos. 1-2 and 8-14.[1]

[1] Defendants' discovery requests, attached as **Exhibit "A"**; Plaintiff's initial responses (Mar. 21, 2025), attached as **Exhibit "B"**; Plaintiff's supplemental responses (May 12, 2025), attached as **Exhibit "C"**.

Plaintiff's Complaint alleges infringement of trademarks purportedly first used as early as 1995 (the "Asserted Marks") and seeks, *inter alia*, damages predicated thereon.[2] In view thereof, Defendants' above-identified interrogatories seek, among other things, Plaintiff's "monthly and annual revenue," "gross and net profits on a monthly and annual basis," and other promotional expenditures associated "with the Accused Marks," all "from January 1, 1995 to the present."[3] Likewise, Defendants' above-identified RFPs seek, *inter alia*, documents sufficient to show Plaintiff's "monthly and annual" advertising expenditures, "monthly and annual revenue," "gross and net profits," "detailed monthly profit and loss statements" and "sales," "audited financial statements," and other "financial data" underlying Plaintiff's alleged damages, all from January 1, 1995 to the present.[4] Notwithstanding serial written communications (dated at least March 28th, April 29th, and June 5th, 2025) and two meet-and-confer conferences, Plaintiffs have refused to produce any of the above-identified financial information or documents for any year *except* 2024.[5]

Plaintiff's failure to produce *any* financial documents or information predating 2024 is improper and prejudicial to Defendants' ability to meaningfully defend against Plaintiff's claimed damages. Nevertheless, the documents and information requested is/are relevant and

---

[2] *See generally* Dkt No. 1 (Complaint), ¶¶ 19-49, & 52; *see, e.g., id.*, ¶ 37 ("Plaintiff sustained damages and is entitled to recover its damages"), ¶ 41 ("Defendants' actions have damaged Plaintiff by unlawfully trading on its good name and registered marks" and "Plaintiff seeks the recovery of damages sustained…"), ¶ 46 ("Plaintiff has been damaged and is entitled to recover the benefits wrongfully obtained by them…"), ¶ 52 ("For the reasons stated, Plaintiff respectfully requests this Court to award … [a]ctual, consequential, and special damages…").
[3] *See* Ex. A, Defendants' Interrogatory Nos. 4-5 & 9; *see also id.*, Interrogatory No. 15 (seeking a detailed itemization of "all damages and categories of damages [Plaintiff is] alleging in this Action….").
[4] *See id.*, Defendants' RFPs Nos. 1-2 & 8-14.
[5] *See* Exs. B & C, Plaintiff's responses to Defendants' Interrogatory Nos. 4-5, 9 & 15 and Defendants' RFP Nos. 1-2 & 8-14.

proportional.[6] Specifically, Plaintiff asserts trademark rights as of 1995 and seeks damages for alleged infringement, thus placing Plaintiff's advertising expenditures and financial performance associated with the Asserted Marks directly at issue in this case. Indeed, such financial documents and information, from 1995 onward, are necessary to evaluate Plaintiff's alleged brand recognition and goodwill, the scope and value thereof, and any purported injury thereto or other damages allegedly suffered as a result of Defendants' accused conduct. At the very least, Defendants are entitled to discover Plaintiff's financial expenditures, performance, and trends from before Defendants' adopted their accused marks in 2014 to the present (i.e., to defend against allegations that Defendant's accused trademarks have detrimentally impacted Plaintiff economically). Moreover, Plaintiff's financial trajectory during key periods—such as when Defendants adopted their accused marks in 2014 and/or were nationally featured on the Food Network in 2019 and 2020—is directly relevant to any analysis of Plaintiff's alleged damages and/or purported causation of the same. Plaintiff's failure to provide and produce sufficient financial documents and information is prejudicing Defendants' ability to defend themselves against Plaintiff's alleged damages (which are disputed).

While Plaintiff may not have preserved all financial documents and information dating to 1995, Defendants are entitled to the financial documents and information Plaintiff had in its possession, custody, or control at least as of the date Plaintiff anticipated litigation, which Plaintiff asserts dates to at least 2020. Accordingly, the instant motion should be granted and Plaintiff should be required to (a) provide and produce relevant financial information and documents from

---

[6] *See* FED. R. CIV. P. 26(b)(1) (Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case).

1995 to the present, or at least as far back as Plaintiff still has the same, or (b) confirm that such documents and information was/were destroyed.

DATED this 14th day of July, 2025.

Respectfully submitted,

**KIRTON | McCONKIE**

By: */s/Joshua S. Rupp*
Joshua S. Rupp
K. Russell Griggs
*Attorneys for Defendants Hruska's, Inc. d/b/a Hruska's Kolaches, et al.*

## MEET AND CONFER CERTIFICATION

Pursuant to DUCivR 37-1(b)(2)(A), Defendants' counsel certifies that the parties made reasonable efforts to reach agreement on the matters raised herein prior to bringing the matter before the Court. In addition to written correspondence sent to Plaintiff's counsel dated at least March 28, 2025, April 29, 2025, and June 5, 2025, counsel for all parties discussed the matters raised herein by telephone on at least April 7, 2025 and June 20, 2025. During the calls, Defendants were represented by Joshua S. Rupp and K. Russell Griggs of Kirton McConkie and Plaintiff was represented by Angelique M. McCall Ditty of Brackett & Ellis.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of July, 2025, I caused a true and correct copy of the foregoing **DEFENDANTS' DUCivR 37-1(b) EXPEDITED SHORT FORM DISCOVERY MOTION TO COMPEL REPSONSES TO INTERROGATORY NOS. 4-5, 9 & 15 AND DOCUMENTS RESPONSIVE TO REQUEST FOR PRODUCTION NOS. 1-2 & 8-14** to be filed using the Court's CM/ECF electronic filing system, which provides service to all counsel of record.

*/s/Joshua S. Rupp*