Lewis M. Francis, USB 6545
Brennan Curtis, USB 16433
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
LFrancis@ParsonsBehle.com
BCurtis@ParsonsBehle.com
ecf@parsonsbehle.com

Joseph F. Cleveland, Jr., Texas Bar #04378900 *(Pro Hac Vice Application Pending)*
Angélique M. McCall Ditty, Texas Bar #24104172 *(Pro Hac Vice Application Pending)*
**BRACKETT & ELLIS**
100 Main Street
Fort Worth, Texas 76102-3090
Telephone: 817.338.1700
Facsimile: 817.870.2265

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| HRUSKA'S GROCERY COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>HRUSKA'S INC. d/b/a HRUSKA'S KOLACHES, HRUSKA'S WEST JORDAN, LLC, HRUSKA'S SUGARHOUSE, LLC, HRUSKA'S PROVO, LLC, HRUSKA'S OREM, LLC, HRUSKA'S MANAGEMENT GROUP, INC., HRUSKA'S AMERICAN FORK, LLC,<br><br>Defendants. | **PLAINTIFF'S RESPONSES TO DEFENDANTS' FIRST SET OF DISCOVERY REQUESTS**<br><br>Case No. 2:24-cv-00769-DAO<br><br>Judge Jill N. Parish<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff Hruska's Grocery Company (Plaintiff), by and through its counsel, hereby answer Defendants' February 5, 2025 first set of written discovery requests to Plaintiff as follows:

## I. PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

1. These responses have been prepared pursuant to a reasonably diligent inquiry for the information requested. They reflect information obtained before this date by Plaintiff pursuant to a reasonably diligent inquiry conducted in connection with these discovery requests in those areas where information is expected to be found. To the extent these requests require more, Plaintiff objects on the grounds they impose an undue burden or expense.

2. These answers are based on such information as presently is reasonably available to Plaintiff, and Plaintiff expressly reserves the right, without imposing any duty not required by the Federal Rules of Civil Procedure, to supplement these answers when and if additional information or documentation comes to its attention.

3. Plaintiff objects to any of Defendants' definitions, instructions or requests to the extent the definition, instruction or request seeks information protected by the attorney-client, work product exemption, or litigation privilege for information prepared in anticipation of litigation or for trial, is confusing or attempts to materially modify the plain definition and meaning of a particular term. Plaintiff will not be bound by Defendants' definitions and intends to interpret words used in these requests in their plain and ordinary meaning.

4. Plaintiff objects to any definition, instruction or request that is inconsistent with or exceeds the scope of discovery set forth in the Federal Rules of Civil Procedure.

5. Plaintiff objects to each of the interrogatories and requests for production to the extent that they purport to impose an obligation on Plaintiff to locate, obtain, or produce information, documents, or things that are not in the possession, custody, or control of Plaintiff.

6. Plaintiff objects to each of the discovery requests to the extent that they require Plaintiff to produce information, documents, or things that do not already exist or call for information in a format other than that in which it is ordinarily kept by Plaintiff.

7. Plaintiff objects to each of the discovery requests to the extent that they seek information beyond what is available from a reasonable search of Plaintiff's files likely to contain relevant or responsive documents or information and from a reasonable inquiry of Plaintiff's employees likely to have information relevant to a claim or defense of any party or to the subject matter of this lawsuit.

8. Each of the above objections is incorporated in each of the answers below as if set forth in full.

## II. DEFINITION OF TERMS USED BY PLAINTIFF

1. As used in Plaintiff's objections to these requests, the terms:

   a. "Unduly burdensome" means that it would be oppressive, time consuming or too expensive to require Plaintiff to identify, compile, furnish and to review, collate and assimilate information called for in light of the degree of its relevance and materiality, if any, and the burden or expense substantially outweighs its likely benefit in resolving the issues at stake in the litigation;

   b. "Lack of particularity" means that a request is not properly categorized or stated with reasonable certainty regarding what information is to be furnished, is vague, ambiguous, all inclusive, global or incomprehensible;

   c. "Overly broad" means that a request is excessive, undefined or unlimited as to scope, time or location and that the request is not related to the subject matter of the case and is not made with a reasonable expectation of obtaining information which will aid resolution of the dispute;

   d. "Privileged" means that a request improperly calls for information protected by the attorney-client privilege, work product exemption, the claims investigation privilege, or the party communication privilege, consultant expert privilege, witness statement privilege, the rules protecting materials prepared in anticipation of and in connection with litigation or other privileges applicable in this lawsuit;

   e. "Undefined terms" means that a request uses terms that are undefined, inaccurate or are subject to a variety of interpretations such that Plaintiff is improperly called upon to speculate as to the meaning of the request; and

   f. "Irrelevant" means evidence not having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

## III. OBJECTIONS TO SPECIFIC DEFINITIONS

1. Plaintiff objects to the terms "HGC" and "Plaintiff" because as defined it improperly seeks to invade the attorney-client privilege, work product exemption and the rules protecting materials prepared in anticipation of and in connection with other privileges applicable in this lawsuit.

**PLAINTIFF'S OBJECTIONS AND ANSWERS TO**
**DEFENDANTS' FIRST SET OF INTERROGATORIES**

**INTERROGATORY NO. 1**: Identify each and every type of service(s) and/or good(s) (including, without limitation, each type of baked good, other food product, other non-food product, other good, and/or service) that You have marketed, offered for sale, sold, or provided under or in connection with any of the Asserted Marks between January 1, 1995 and the present.

**ANSWER**: Plaintiff objects to this request to the extent it is overly broad, unduly burdensome, not limited in scope, lacks particularity, and is not relevant to any party's claim or defense or proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to these objections and the objections stated above, and because the burden of deriving or ascertaining the answer to this interrogatory will be substantially the same for either party and the answer may be determined by examining, auditing, compiling, abstracting, or summarizing Plaintiff's business records, per FED. R. CIV. P. 33, Plaintiff specifically identifies the following documents, Bates labeled HruskaTexas 001128 and HruskaTexas 001383 through HruskaTexas 002225, HruskaTexas 002334 through HruskaTexas 002335.

**INTERROGATORY NO. 2**: Identify and describe with particularity each channel, medium, manner, or method of marketing, promotion, and/or distribution You have used to market, advertise, promote and/or distribute any of the services and/or goods identified in response to Interrogatory No. 1, supra, including, but not limited to, all print-based advertising, websites, social media accounts, internet ads, radio ads, television ads, emails, newsletters, banners, signage, brochures, direct mail, billboards, digital ads, outdoor advertising, distributors, affiliates, carriers, and so forth, where the service(s) and/or good(s) display any of the Asserted Marks.

**ANSWER**: Plaintiff advertises its goods and services on its website (available at https://hruskas-bakery.com/), social media (Facebook and Instagram), newsletters, billboards, pamphlets, newspapers, flyers, print, sponsorships, and magazines. Plaintiff also has a brick-and-mortar store located in Ellinger, Texas.

**INTERROGATORY NO. 3**: Identify each distinct geographic region or regions of the United States in which You use or have used any of the Asserted Marks, in marketing, advertising or promotional materials, and in which You offer or have offered services and/or goods to customers or other persons, whether at a physical location, on a website, or otherwise, in connection with any of the Asserted Marks between January 1, 1995 and the present.

**ANSWER**: Plaintiff advertises its goods and services on its internet website and social media, which is available to customers nationwide and in all geographic regions of the United States. Plaintiff also advertises its goods and services in newsletters, billboards, pamphlets, newspapers, flyers, print, sponsorships, and magazines. Plaintiff also has a brick-and-mortar store located in Ellinger, Texas.

**INTERROGATORY NO. 4**: Separately for each service and/or good identified in response to Interrogatory No. 1, supra, state Your monthly and annual revenue (in terms of quantity, customers, and dollar amounts) for that service and/ or good from January 1, 1995 to the present.

**ANSWER**: Plaintiff objects to this request to the extent it is overly broad, unduly burdensome, not limited in scope, lacks particularity, and is not relevant to any party's claim or defense or proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff further objects on the basis that this request seeks confidential trade secret information.

Subject to these objections and the objections stated above, and because the burden of deriving or ascertaining the answer to this interrogatory will be substantially the same for either party and the answer may be determined by examining, auditing, compiling, abstracting, or summarizing Plaintiff's business records, per FED. R. CIV. P. 33, please see responsive documents for fiscal year 2024 subject to the protective order, which are Bates labeled HruskaTexas 002245 through HruskaTexas 002304.

**INTERROGATORY NO. 5**: State Your gross and net profits on a monthly and annual basis from January 1, 1995 to the present for each service and/or good identified in response to Interrogatory No. 1, supra, and explain how You calculated those profits, including without limitation a statement of revenues and expenses used to calculate those profits.

**ANSWER**: Plaintiff objects to this request to the extent it is overly broad, unduly burdensome, not limited in scope, lacks particularity, and is not relevant to any party's claim or defense or proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff further objects on the basis that this request seeks confidential trade secret information.

Subject to these objections and the objections stated above, and because the burden of deriving or ascertaining the answer to this interrogatory will be substantially the same for either party and the answer may be determined by examining, auditing, compiling, abstracting, or summarizing Plaintiff's business records, per FED. R. CIV. P. 33, please see responsive documents for fiscal year 2024 subject to the protective order, which are Bates labeled HruskaTexas 002245 through HruskaTexas 002304.

**INTERROGATORY NO. 6**: Separately identify and describe with particularity each and every instance of which You are aware from April 1, 2014 to the present which You allege constitute(s) an occurrence of consumer confusion, including, but not limited, to all instances where any person has been in any way confused, mistaken, or deceived as to any of the Defendants' Marks, as to a relationship between Defendants and Plaintiff, or as to the origin or sponsorship of Defendants' services or goods or Plaintiff's services or goods, including without limitation (a) all

instances in which Plaintiff has received any inquiries, comments, or concerns as to whether it or its services or goods are associated with, sponsored by, or in any manner connected with Defendants; (b) all instances in which Plaintiff has received any documents, correspondence, mail, inquiries, requests, or other communications addressed to, concerning, or meant for Defendants or Defendants' customers, or relating to Defendants or Defendants' services or goods; (c) all instances of persons contacting You or visiting Your location(s) but looking for or intending to contact or transact business specifically and exclusively with Defendants; and (d) all instances of which You are aware in which a third party (such as a business, service provider, vendor, governmental agency, regulator, customer, supplier, carrier, or other third party) referred to, sent documents or things to, contacted or communicated with, or otherwise confused, Defendants with Plaintiff or vice versa.

**ANSWER**: Because the burden of deriving or ascertaining the answer to this interrogatory will be substantially the same for either party and the answer may be determined by examining, auditing, compiling, abstracting, or summarizing Plaintiff's business records, per FED. R. CIV. P. 33, Plaintiff specifically identifies the following documents, Bates labeled HruskaTexas 001155 through HruskaTexas 001382.

**INTERROGATORY NO. 7**: Separately identify and describe with particularity all non-privileged communications You have had internally or with any third-party concerning Defendants, Defendants' Marks, Your Asserted Marks, the Action, and/or the allegations set forth in Your October 11, 2024 Complaint initiating the Action (the "Complaint"), including the date on which any such communication(s) occurred and the subject matter and substance of each such communication.

**ANSWER**: Plaintiff objects to this request to the extent it is overly broad, unduly burdensome, not limited in time or scope, lacks particularity, and is not relevant to any party's claim or defense or proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to these objections and the objections stated above, and because the burden of deriving or ascertaining the answer to this interrogatory will be substantially the same for either party and the answer may be determined by examining, auditing, compiling, abstracting, or summarizing Plaintiff's business records, per FED. R. CIV. P. 33, Plaintiff specifically identifies the following documents, Bates labeled HruskaTexas 001155 through HruskaTexas 2225

**INTERROGATORY NO. 8**: Identify the date and describe with particularity the circumstances under which You first became aware of any of the Defendants, any of the Defendants' Marks, and/or any of the Defendants' use of any of the Defendants' Marks, including but not limited to the manner in which You obtained such awareness.

**ANSWER**: In the summer of 2019, one of Hruska's employees saw an episode of Diners, Drive In's, and Dives on the Food Network featuring Defendants and told Hruska's director and president about the episode.

**INTERROGATORY NO. 9**: State in dollars the total amounts You have spent monthly and annually in connection with marketing, advertising, and/or otherwise promoting Your goods and/or services under or in connection with the Asserted Marks from January 1, 1995 to the present.

**ANSWER**: Plaintiff objects to this request to the extent it is overly broad, unduly burdensome, not limited in time or scope, lacks particularity, and is not relevant to any party's claim or defense or proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff further objects on the basis that this request seeks confidential trade secret information.

Subject to these objections and the objections stated above, and because the burden of deriving or ascertaining the answer to this interrogatory will be substantially the same for either party and the answer may be determined by examining, auditing, compiling, abstracting, or summarizing Plaintiff's business records, per FED. R. CIV. P. 33, please see responsive documents for fiscal year 2024 subject to the protective order, which are Bates labeled HruskaTexas 002226 through HruskaTexas 002304, HruskaTexas 002340 through HruskaTexas 002343.

**INTERROGATORY NO. 10**: Identify and describe with particularity each trademark search, investigation, or any other inquiry conducted by, for, or on Plaintiff's behalf concerning the availability to use or register each or any of the Asserted Marks, the persons involved in the review of any such trademark search, investigation, or other inquiry, and all documents concerning, discussing, or memorializing the search, investigation, or inquiry.

**ANSWER**: None.

**INTERROGATORY NO. 11**: From January 1, 1995 to the present, identify all variations, versions, and forms of the Asserted Marks that You have used, including all words, names, phrases, slogans, designs, or logos in connection with which You have used the Asserted Marks, inclusive of the dates of such use.

**ANSWER**: Plaintiff objects to this request to the extent it is overly broad, unduly burdensome, not limited in time or scope, lacks particularity, and is not relevant to any party's claim or defense or proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to these objections and the objections stated above, Plaintiff identifies the following documents, Bates labeled HruskaTexas 001088 through HruskaTexas 002385

**INTERROGATORY NO. 12**: Identify and describe with particularity each channel of trade or distribution in the United States through which Plaintiff has marketed, offered for sale,

sold, or provided, or intends to market, offer for sale, sell, or provide, goods and/or services under or in connection with any of the Asserted Marks.

**ANSWER**: Plaintiff advertises its goods and services on its internet website and social media platforms, which are available to customers nationwide and in all geographic regions of the United States. Plaintiff also has a brick-and-mortar store located in Ellinger, Texas. Plaintiff also advertises its goods and services in newsletters, billboards, pamphlets, newspapers, flyers, print, sponsorships, and magazines.

**INTERROGATORY NO. 13**: Describe in detail Your plans, if any, to expand Your use of the Asserted Marks, including, but not limited to, the services and/or goods provided or offered therewith, the channels of marketing and/or trade for Your services and/or goods, the geographic locations of use, the geographic locations of Your physical buildings or storefronts, or the persons authorized to sell Your services and/or goods.

**ANSWER**: Plaintiff objects to this request to the extent it is not relevant to any party's claim or defense.

Subject to these objections and the objections stated above, Plaintiff is the owner of U.S. Trademark Registration Nos. 6514796, 7436318, and 7319495, which are valid and enforceable across the entire United States. Plaintiff advertises its goods and services on its internet website and social media platforms, which are available to customers nationwide and in all geographic regions of the United States. Plaintiff also has a brick-and-mortar store located in Ellinger, Texas. Plaintiff plans to expand its use of the marks through other channels of marketing and trade in other geographic regions to meet customer demands and as economic conditions warrant.

**INTERROGATORY NO. 14**: Identify and describe all classes and/or types of customers (for example, age, gender, socioeconomic group, etc.) that comprise the intended market for goods or services marketed, offered for sale, sold, or provided, or intended to be marketed, offered for sale, sold, or provided, under or in connection with any of the Asserted Marks.

**ANSWER**: Plaintiff is the owner of U.S. Trademark Registration Nos. 6514796, 7436318, and 7319495, which are valid and enforceable across the entire United States. Plaintiff markets its goods and services in connection with its registered trademarks nationwide to all people of all ages, genders, and socio-economic backgrounds.

**INTERROGATORY NO. 15**: Describe in detail and itemize all damages and categories of damages You are alleging in this Action, including the calculated amount(s), the method of calculating the same, and the factual bases for each amount.

**ANSWER**: Because the answer to this interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing Plaintiff's business records, per FED. R. CIV. P. 33, Plaintiff will supplement with additional information regarding damages once it provides its expert report in compliance with the Court's scheduling order.

**INTERROGATORY NO. 16**: Identify and describe in detail all surveys, studies, analyses, projections, or forecasts that You, or someone else on Your behalf, have performed relating to the potential for actual confusion between any of the Asserted Marks and any of the Defendants' Marks, including, but not limited to, the surveys referenced in Paragraph 29 of the Complaint, and describe the method and manner of conducing any such survey, study, analysis, projection, or forecast as well as the results of any such survey, study, analysis, projection, or forecast.

**ANSWER**: Because the burden of deriving or ascertaining the answer to this interrogatory will be substantially the same for either party and the answer may be determined by examining, auditing, compiling, abstracting, or summarizing Plaintiff's business records, per FED. R. CIV. P. 33, Plaintiff will produce responsive documents.

Plaintiff requested its customers to fill out the surveys upon checking out at the store in Ellinger, Texas. Please see documents Bates labeled HruskaTexas 001155 through HruskaTexas 001382.

**INTERROGATORY NO. 17**: Identify and describe in detail all surveys, studies, or analyses that You, or someone else on Your behalf, have performed relating to any damages or harm You have experienced as a result of actual confusion, or anticipated damages or harms that You allege will result from actual confusion, between any of the Asserted Marks and any of the Defendants' Marks.

**ANSWER**: Because the burden of deriving or ascertaining the answer to this interrogatory will be substantially the same for either party and the answer may be determined by examining, auditing, compiling, abstracting, or summarizing Plaintiff's business records, per FED. R. CIV. P. 33, Plaintiff will produce responsive documents.

Plaintiff requested its customers to fill out the surveys upon checking out at the store in Ellinger, Texas. Please see documents Bates labeled HruskaTexas 001155 through HruskaTexas 001382.

**INTERROGATORY NO. 18**: Identify all persons who requested and/or conducted any of the searches, investigations, other inquiries, surveys, studies, analyses, projections, or forecasts described in response to Interrogatory Nos. 10, 16 and/or 17, supra.

**ANSWER**: Teresa James, Deborah McLean, Angela Solis, Jennifer Leon, and Glenda Oaks.

**INTERROGATORY NO. 19**: Identify and describe with particularity all direct or indirect communications between Plaintiff or representatives of Plaintiff, on the one hand, and any of the Defendants or representative(s) of any of the Defendants, on the other hand, from January 1, 2013 through the present, including the date on which any such communication(s) occurred and the subject matter and substance of each such communication.

**ANSWER**: Since filing this lawsuit, Ross Hruska has called Plaintiff's president and director (Teresa James) on at least three occasions to discuss this lawsuit. On March 17, 2025, Teresa James and Ross Hruska held a telephone conference in which—among other things—Ross invited Mrs. James to Utah to see his business. Counsel for the parties have also corresponded throughout the pendency of this litigation.

**INTERROGATORY NO. 20**: For each instance of alleged confusion identified and described in response to Interrogatory No. 6, supra, identify by name and provide contact information for each allegedly confused person.

**ANSWER**: Because the burden of deriving or ascertaining the answer to this interrogatory will be substantially the same for either party and the answer may be determined by examining, auditing, compiling, abstracting, or summarizing Plaintiff's business records, per FED. R. CIV. P. 33, Plaintiff will produce responsive documents. Please see documents Bates labeled HruskaTexas 001155 through HruskaTexas 001382.

**INTERROGATORY NO. 21**: Identify each location outside of Texas (by state, including, but not limited to, Utah) in which You have advertised or promoted the Asserted Marks or any services and/or goods that are associated with the Asserted Marks between January 1, 1995 and the present, including the dates of all such advertisements or promotions.

**ANSWER**: Plaintiff is the owner of U.S. Trademark Registration Nos. 6514796, 7436318, and 7319495, which are valid and enforceable across the entire United States. Plaintiff advertises its goods and services on its internet website and on social media, which are available to customers nationwide and in all geographic regions of the United States. The website has been available to the public since at least 2010.

**INTERROGATORY NO. 22**: Identify and describe with particularity Plaintiff's advertising, marketing, and promotional materials and/or activities in all channels, from January 1, 1995 through the present, which display or use any of the Asserted Marks.

**ANSWER**: Plaintiff advertises its goods and services on its website (available at https://hruskas-bakery.com/), social media (Facebook and Instagram), newsletters, billboards, pamphlets, newspapers, flyers, print, sponsorships, and magazines. Plaintiff also has a brick-and-mortar store located in Ellinger, Texas.

**INTERROGATORY NO. 23**: Identify each person that assisted with preparing or contributed to the preparation of Your responses to these Discovery Requests, Your Complaint, and Your January 31, 2025 Initial Disclosures served in the Action, and describe each persons' efforts, role, and contributions.

**ANSWER**: Plaintiff objects to this request to the extent that it seeks information that is protected by the attorney-client privilege, the work product exemption, and materials prepared in anticipation of litigation or for trial.

Subject to these objections and the objections stated above, Teresa James, President and Director, provided factual background and information for the complaint and responses to discovery.

**INTERROGATORY NO. 24**: Identify and describe with particularly each communication and document exchanged between You and any of Your representatives, including, but not limited to, Angélique M. McCall, Esq. in relation to the preparation, filing, applying to register, and/or prosecution of each of the Asserted Marks with the United States Patent and Trademark Office.

**ANSWER**: Plaintiff objects to this request to the extent that it seeks information that is protected by the attorney-client privilege, the work product exemption, and materials prepared in anticipation of litigation or for trial. Plaintiff further objects to this request to the extent it is overly broad, unduly burdensome, not limited in scope, lacks particularity, and is not relevant to any party's claim or defense or proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to these objections and the objections stated above, please see documents Bates labeled HruskaTexas 000363 through HruskaTexas 000374, HruskaTexas 000421 through HruskaTexas 000451, HruskaTexas 000682 through HruskaTexas 000690, HruskaTexas 000709 through HruskaTexas 000842, HruskaTexas 001383 through HruskaTexas 001428, HruskaTexas 001522 through HruskaTexas 002225.

**INTERROGATORY NO. 25**: Identify and describe with particularity the facts and circumstances underlying or related to the creation, selection, adoption, development, and use, continuous or otherwise, of each of Your Asserted Marks and the persons involved with the same.

**ANSWER**: Plaintiff objects to this request to the extent it is overly broad, unduly burdensome, not limited in time or scope, lacks particularity, and is not relevant to any party's claim or defense or proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to these objections and the objections stated above, Plaintiff's store is called "Hruska's." A "Hruska's" store has been in operation since at least as early as 1912. Hruska's means "pear" in Czech, therefore, Plaintiff uses a pear design in its design marks.

**INTERROGATORY NO. 26:** Identify and describe with particularity all of the facts and circumstances underlying, related to, or which support the allegations set forth in Paragraph 29 of Your Complaint.

**ANSWER**: Because the burden of deriving or ascertaining the answer to this interrogatory will be substantially the same for either party and the answer may be determined by examining,

auditing, compiling, abstracting, or summarizing Plaintiff's business records, per FED. R. CIV. P. 33, please see documents Bates labeled HruskaTexas 001155 through HruskaTexas 001382.

**INTERROGATORY NO. 27**: For any RFA not unconditionally admitted below, identify and describe all bases for any denial, either in part or in full, of each such RFA.

**ANSWER**: Because the burden of deriving or ascertaining the answer to this interrogatory will be substantially the same for either party and the answer may be determined by examining, auditing, compiling, abstracting, or summarizing Plaintiff's business records, per FED. R. CIV. P. 33, please see documents Bates labeled HruskaTexas 000001 through HruskaTexas 002385.

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

**REQUEST NO. 1**: Produce all documents and electronically stored information that fall within the categories of documents that You identified in Your January 31, 2025 Initial Disclosures or any supplemental initial disclosures.

**RESPONSE**: Please see documents Bates labeled HruskaTexas 001088 through HruskaTexas 002385. Plaintiff will supplement with additional information pursuant to the Federal Rules of Civil Procedure.

**REQUEST NO. 2**: Produce all documents and electronically stored information identified, referred to, or relied on in answering any of the foregoing Interrogatories.

**RESPONSE**: Please see documents Bates labeled HruskaTexas 001088 through HruskaTexas 002385.

**REQUEST NO. 3**: Produce all corporate, entity, and organizational documents relating to Hruska's Grocery Company, any person, persons, entity, or entities that own or control Hruska's Grocery Company, and any person, persons, entity, or entities owned or controlled by Hruska's Grocery Company, including, but not limited to, articles of incorporation or formation, certificates of incorporation or formation, bylaws, agreements relating to operations, amendments, shareholder or owner agreements, and so forth.

**RESPONSE**: Plaintiff objects to this request to the extent it is overly broad, unduly burdensome, not limited in time or scope, lacks particularity, and is not relevant to any party's claim or defense or proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to these objections and the objections stated above, please see documents Bates labeled HruskaTexas 002343 through HruskaTexas 002351.

**REQUEST NO. 4**: Produce documents and electronically stored information sufficient to show all versions, variations, and forms in which You have displayed or used any of the Asserted Marks, including all words, names, phrases, slogans, designs, and logos with which You have used any of the Asserted Marks from January 1, 1995 to the present.

**RESPONSE**: Plaintiff objects to this request to the extent it is overly broad, unduly burdensome, not limited in time or scope, lacks particularity, and is not relevant to any party's claim or defense or proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to these objections and the objections stated above, please see documents Bates labeled HruskaTexas 000363-374, HruskaTexas 000421-451, HruskaTexas 000682-690, HruskaTexas 000709-842, HruskaTexas 000782-783, HruskaTexas 000784-785, HruskaTexas 000794-795, HruskaTexas 000797, HruskaTexas 000818-820, HruskaTexas 001128-1134, HruskaTexas 001148-1428, HruskaTexas 001522-2225.

**REQUEST NO. 5**: Produce documents and electronically stored information sufficient to show all unique advertisements, marketing, and/or promotional materials and campaigns (including, but not limited to, advertisements, marketing, or promotional materials appearing in or on print including newspaper and magazine advertisements, radio, television, brochures, mailings, catalogues, flyers, billboards, bus ads, train ads, press releases, websites, website banners, physical banners, Internet sites, social media, digital materials, emails, in-store displays, newsletters, on-hold messaging, outdoor advertising, signage, or other promotional items) that relate to, use, or display any of the Asserted Marks between January 1, 1995 and the present.

**RESPONSE**: Plaintiff objects to this request to the extent it is overly broad, unduly burdensome, not limited in time or scope, lacks particularity, and is not relevant to any party's claim or defense or proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to these objections and the objections stated above, please see documents Bates labeled HruskaTexas 00285-299, HruskaTexas 001088-1128, HruskaTexas 001135-1147, HruskaTexas 001150-1167, HruskaTexas 001381-1382, HruskaTexas 001387-1474, HruskaTexas 001476-1521, HruskaTexas 001552-2105, HruskaTexas 002135-2385.

**REQUEST NO. 6**: Produce all communications since January 1, 1995 that refer to the Asserted Marks.

**RESPONSE**: Plaintiff objects to this request to the extent that it seeks information that is protected by the attorney-client privilege, the work product exemption, and materials prepared in anticipation of litigation or for trial. Plaintiff further objects to this request to the extent it is overly broad, unduly burdensome, not limited in time or scope, lacks particularity, and is not relevant to

any party's claim or defense or proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to these objections and the objections stated above, please see documents Bates labeled HruskaTexas 001088 through HruskaTexas 002385.

**REQUEST NO. 7**: Produce documents and electronically stored information sufficient to show all channels of marketing and/or trade and corresponding mediums and/or methods of distribution through which You have advertised, promoted, distributed, provided, offered, or sold, directly or indirectly, Your services and/or goods in connection with any of the Asserted Marks between January 1, 1995 and the present.

**RESPONSE**: Plaintiff objects to this request to the extent it is overly broad, unduly burdensome, not limited in time or scope, lacks particularity, and is not relevant to any party's claim or defense or proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to these objections and the objections stated above, please see documents Bates labeled HruskaTexas 000285-299, HruskaTexas 001088-1128, HruskaTexas 001135-1147, HruskaTexas 001150-1167, HruskaTexas 001381-1382, HruskaTexas 001387-1474, HruskaTexas 001476-1521, HruskaTexas 001552-2105, HruskaTexas 002135-2385.

**REQUEST NO. 8**: Produce documents and electronically stored information sufficient to show on a monthly and annual basis the amounts spent on marketing, advertising, and promoting You and Your services and goods, including without limitation in connection with the Asserted Marks, between January 1, 1995 and the present.

**RESPONSE**: Plaintiff objects to this request to the extent it is overly broad, unduly burdensome, not limited in time or scope, lacks particularity, and is not relevant to any party's claim or defense or proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff further objects on the basis that this request seeks confidential trade secret information.

Subject to these objections and the objections stated above, Plaintiff will produce responsive documents for fiscal year 2024 subject to a protective order. Please see documents Bates labeled HruskaTexas 002245 through HruskaTexas 002304.

**REQUEST NO. 9**: For each service or good that You provide in connection with the Asserted Marks, produce documents and electronically stored information sufficient to show

monthly and annual revenue (in terms of quantity, customers, and dollar amounts) generated by that service or good between January 1, 1995 and the present.

**RESPONSE**: Plaintiff objects to this request to the extent it is overly broad, unduly burdensome, not limited in time or scope, lacks particularity, and is not relevant to any party's claim or defense or proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff further objects on the basis that this request seeks confidential trade secret information.

Subject to these objections and the objections stated above, Plaintiff will produce responsive documents for fiscal year 2024 subject to a protective order. Please see documents Bates labeled HruskaTexas 002245 through HruskaTexas 002304.

**REQUEST NO. 10**: Produce documents and electronically stored information sufficient to show Your gross and net profits on a monthly and annual basis between January 1, 1995 and the present, including documents sufficient to show Your revenues and Your costs or expenses.

**RESPONSE**: Plaintiff objects to this request to the extent it is overly broad, unduly burdensome, not limited in time or scope, lacks particularity, and is not relevant to any party's claim or defense or proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff further objects on the basis that this request seeks confidential trade secret information.

Subject to these objections and the objections stated above, Plaintiff will produce responsive documents for fiscal year 2024 subject to a protective order. Please see documents Bates labeled HruskaTexas 002245 through HruskaTexas 002304.

**REQUEST NO. 11**: Produce detailed monthly profit and loss statements from Hruska's Grocery Company for each month between January 1, 1995 and the present, including but not limited to a report of all product and business lines of revenue, as well as detail of all costs and expenses.

**RESPONSE**: Plaintiff objects to this request to the extent it is overly broad, unduly burdensome, not limited in time or scope, lacks particularity, and is not relevant to any party's claim or defense or proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff further objects on the basis that this request seeks confidential trade secret information.

Subject to these objections and the objections stated above, Plaintiff will produce responsive documents for fiscal year 2024 subject to a protective order. Please see documents Bates labeled HruskaTexas 002245 through HruskaTexas 002304.

**REQUEST NO. 12**: Produce Hruska's Grocery Company's detailed monthly sales for all products and services between January 1, 1995 and the present.

**RESPONSE**: Plaintiff objects to this request to the extent it is overly broad, unduly burdensome, not limited in time or scope, lacks particularity, and is not relevant to any party's claim or defense or proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff further objects on the basis that this request seeks confidential trade secret information.

Subject to these objections and the objections stated above, Plaintiff will produce responsive documents for fiscal year 2024 subject to a protective order. Please see documents Bates labeled HruskaTexas 002245 through HruskaTexas 002304.

**REQUEST NO. 13**: Produce Your audited financial statements for the years 1995 through 2024, including, but not limited to, balance sheets, income statements, profit and loss statements, cash flow statements, and any notes to the financial statements.

**RESPONSE**: Plaintiff objects to this request to the extent it is overly broad, unduly burdensome, not limited in time or scope, lacks particularity, and is not relevant to any party's claim or defense or proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff further objects on the basis that this request seeks confidential trade secret information.

Subject to these objections and the objections stated above, Plaintiff will produce responsive documents for fiscal year 2024 subject to a protective order. Please see documents Bates labeled HruskaTexas 002245 through HruskaTexas 002304.

**REQUEST NO. 14**: Produce sales data or projections, financial statements or projections, or other existing or prospective financial data or projections relating to the existing or anticipated effects of the Defendants' Marks on Hruska's Grocery Company.

**RESPONSE**: Plaintiff will produce responsive documents subject to a protective order. Please see documents Bates labeled HruskaTexas 002245 through HruskaTexas 002304. Plaintiff will supplement with additional information regarding damages once it provides its expert report in compliance with the Court's scheduling order.

**REQUEST NO. 15**: Produce all documents and electronically stored information that constitute or concern complaints and reviews regarding Hruska's Grocery Company or its services or goods from customers, potential customers, businesses, government agencies, regulators, or others, from January 1, 1995 through the present.

**RESPONSE**: Plaintiff objects to this request to the extent it is overly broad, unduly burdensome, not limited in time or scope, lacks particularity, and is not relevant to any party's claim or defense or proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to these objections and the objections stated above, Plaintiff has no responsive documents.

**REQUEST NO. 16**: Produce all documents and electronically stored information concerning any communication, inquiry, or comment to You from any person as to whether Your services and goods are associated with, sponsored by, endorsed by, or otherwise connected or affiliated with Defendants, Defendants' services or goods, or the Defendants' Marks as well as all of Your responses to any of the foregoing from April 1, 2014 through the present.

**RESPONSE**: Plaintiff objects to this request to the extent that it seeks information that is protected by the attorney-client privilege, the work product exemption, and materials prepared in anticipation of litigation or for trial.

Subject to these objections and the objections stated above, please see documents Bates labeled HruskaTexas 001155 through HruskaTexas 001382.

**REQUEST NO. 17**: From April 1, 2014 through the present, produce all documents and electronically stored information conveying, concerning, expressing, evidencing, or indicating any alleged confusion, mistake or error with respect to You and Your services or goods relative to Defendants and their services or goods, including without limitation, documents and electronically stored information regarding (a) all instances in which Hruska's Grocery Company has received any inquiries, comments, or concerns as to whether it or its services or goods are associated with, sponsored by, or in any manner connected with Hruska's, Inc. or Hruska's Kolaches; (b) all instances in which Hruska's Grocery Company has received any documents or things (e.g., including, without limitation, correspondence, mail, emails, vendor deliveries, food deliveries, or other items), inquiries, requests, or other communications addressed to, concerning, or meant for Defendants or Defendants' customers, or relating to Defendants or Defendants' services or goods; (c) all instances of persons contacting You or visiting Your location(s) but looking for or intending to contact Defendants; and (d) all instances in which a third party (such as a business, service provider, vendor, governmental agency, regulator, customer, supplier, carrier, or other third party) referred to, sent documents or things to, contacted or communicated with, or otherwise confused, Defendants with Hruska's Grocery Company or vice versa.

**RESPONSE**: Please see documents Bates labeled HruskaTexas 001155 through HruskaTexas 001382.

**REQUEST NO. 18**: Produce all documents and electronically stored information regarding ownership of the Asserted Marks and the grant or acquisition of any rights in or to the Asserted Marks, including the name of each owner, the type of entity and where formed, the date

formed, all transfers of ownership, and any assignment or license agreements concerning any of the Asserted Marks.

**RESPONSE**: Please see documents Bates labeled HruskaTexas 001383 through HruskaTexas 002225.

**REQUEST NO. 19**: Produce all documents and electronically stored information from January 1, 1995 to the present regarding marketing plans, advertising plans, and business plans for HGC.

**RESPONSE**: Plaintiff objects to this request to the extent it is overly broad, unduly burdensome, not limited in time or scope, lacks particularity, and is not relevant to any party's claim or defense or proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to these objections and the objections stated above, Plaintiff has no responsive documents.

**REQUEST NO. 20**: Produce all documents and electronically stored information from January 1, 1995 to the present sufficient to show competitors of Hruska's Grocery Company in each geographic market in which Hruska's Grocery Company competes.

**RESPONSE**: Plaintiff objects to this request to the extent it is overly broad, unduly burdensome, not limited in time or scope, lacks particularity, and is not relevant to any party's claim or defense or proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to these objections and the objections stated above, Plaintiff has no responsive documents.

**REQUEST NO. 21**: Produce all documents and electronically stored information concerning guidelines for use or display of the Asserted Marks from January 1, 1995 to the present.

**RESPONSE**: Plaintiff objects to this request to the extent it is overly broad, unduly burdensome, not limited in time or scope, lacks particularity, and is not relevant to any party's claim or defense or proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to these objections and the objections stated above, Plaintiff has no responsive documents.

**REQUEST NO. 22**: Produce all documents and electronically stored information concerning online, print, or media coverage or publicity of or related to Hruska's Grocery Company, its services or goods, and/or its Asserted Marks since January 1, 1995, whether solicited or provide by HGC, directly or indirectly, or through an unsolicited third party.

**RESPONSE**: Plaintiff objects to this request to the extent it is overly broad, unduly burdensome, not limited in time or scope, lacks particularity, and is not relevant to any party's claim or defense or proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to these objections and the objections stated above, please see documents Bates labeled HruskaTexas 001088, HruskaTexas 001094, HruskaTexas 001100 through HruskaTexas 001105, HruskaTexas 001107 through HruskaTexas 001117, HruskaTexas 001119 through HruskaTexas 001125, HruskaTexas 001128, HruskaTexas 002226 through HruskaTexas 002242, HruskaTexas 002244 through HruskaTexas 002333, HruskaTexas 002336 through HruskaTexas 002342, HruskaTexas 002352 through HruskaTexas 002385.

**REQUEST NO. 23**: Produce all the results and documents related to the searches, investigations, other inquiries, surveys, studies, analyses, projections, or forecasts described in response to Interrogatory Nos. 10, 16 and/or 17, supra.

**RESPONSE**: Please see documents Bates labeled HruskaTexas 001155 through HruskaTexas 001382.

**REQUEST NO. 24**: Produce all documents and electronically stored information related to the preparation, filing, applying to register, and/or prosecution of each of the Asserted Marks with the United States Patent and Trademark Office, including all communications between You and any other person, representative (including, but not limited to, Angélique M. McCall, Esq.), or third party related to the same.

**RESPONSE**: Plaintiff objects to this request to the extent that it seeks information that is protected by the attorney-client privilege, the work product exemption, and materials prepared in anticipation of litigation or for trial. Plaintiff further objects to this request to the extent it is overly broad, unduly burdensome, not limited in time or scope, lacks particularity, and is not relevant to any party's claim or defense or proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to these objections and the objections stated above, please see documents Bates labeled HruskaTexas 001383 through HruskaTexas 002225.

**REQUEST NO. 25**: Produce all telephone records for all numbers associated with Teresa James and Plaintiff between June 1, 2013 and June 1, 2014.

**RESPONSE**: Plaintiff objects to this request to the extent it is overly broad, unduly burdensome, not limited in time or scope, lacks particularity, and is not relevant to any party's claim or defense or proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff further objects to this request as it calls for an invasion of privacy.

**REQUEST NO. 26**: Produce documents and electronically stored information sufficient to show representative examples of each of Your use(s) of the mark "Hruska's" as opposed to "Hruška's."

**RESPONSE**: Please see documents Bates labeled HruskaTexas 001088, HruskaTexas 001094, HruskaTexas 001100 through HruskaTexas 001105, HruskaTexas 001107 through HruskaTexas 001117, HruskaTexas 001119 through HruskaTexas 001125, HruskaTexas 001128, HruskaTexas 002226 through HruskaTexas 002242, HruskaTexas 002244 through HruskaTexas 002333, HruskaTexas 002336 through HruskaTexas 002342, HruskaTexas 002352 through HruskaTexas 002385.

**REQUEST NO. 27**: Produce all non-privileged communications You have had internally or with any third-party concerning Defendants, Defendants' Marks, Your Asserted Marks, the Action, and/or the allegations set forth in Your October 11, 2024 Complaint initiating the Action.

**RESPONSE**: Please see documents Bates labeled HruskaTexas 001155 through HruskaTexas 001382.

**REQUEST NO. 28**: Produce all documents, communications, and electronically stored information related to any changes made to Plaintiff's website (https://hruskas-bakery.com/, hereinafter Plaintiff's "Website") between April 1, 2014 and the present, including representative examples of each substantively different iteration of the website during that time period.

**RESPONSE**: Plaintiff objects to this request to the extent it is overly broad, unduly burdensome, not limited in time or scope, lacks particularity, and is not relevant to any party's claim or defense or proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff further objects to this request to the extent that it seeks information that is protected by the attorney-client privilege, the work product exemption, and materials prepared in anticipation of litigation or for trial.

Subject to these objections and the objections stated above, please see documents Bates labeled HruskaTexas 001106, HruskaTexas 001128, HruskaTexas 001440, HruskaTexas 001452, HruskaTexas 001487, HruskaTexas 001499, HruskaTexas 001450, HruskaTexas 001463, HruskaTexas 001497, HruskaTexas 001510, HruskaTexas 001473, HruskaTexas 001474, HruskaTexas 001520, HruskaTexas 001521.

**REQUEST NO. 29**: Produce all documents, communications, and electronically stored information, if any, related to or evidencing any alleged acquired distinctiveness associated with any of the Asserted Marks.

**RESPONSE**: Plaintiff objects to this request to the extent it is overly broad, unduly burdensome, not limited in time or scope, lacks particularity, and is not relevant to any party's claim or defense or proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff further objects on the basis that Plaintiff's trademarks are distinctive as evidenced by their registrations.

Subject to these objections and the objections stated above, please see documents Bates labeled HruskaTexas 001088, HruskaTexas 001094, HruskaTexas 001100 through HruskaTexas 001105, HruskaTexas 001107 through HruskaTexas 001117, HruskaTexas 001119 through HruskaTexas 001125, HruskaTexas 001128, HruskaTexas 002226 through HruskaTexas 002242, HruskaTexas 002244 through HruskaTexas 002333, HruskaTexas 002336 through HruskaTexas 002342, HruskaTexas 002352 through HruskaTexas 002385.

**REQUEST NO. 30**: Produce all documents and electronically stored information constituting or concerning any study, report, survey, poll, analysis, opinion, market research, or forecast regarding any realized or potential effect the Defendants' Marks have had or may have on You, including (without limitation) those concerning likelihood of confusion between the Defendants and You, Defendants' Marks and the Asserted Marks, as well as any such documents identified in response to Interrogatory Nos. 10, 16-17 and/or 26, supra.

**RESPONSE**: Plaintiff objects to this request to the extent that it seeks information that is protected by the attorney-client privilege, the work product exemption, and materials prepared in anticipation of litigation or for trial.

Subject to these objections and the objections stated above, please see documents Bates labeled HruskaTexas 001155 through HruskaTexas 001382.

**REQUEST NO. 31**: Produce documents and electronically stored information sufficient to identify any and all websites and social media operated by You that show any of the Asserted Marks.

**RESPONSE**: Please see documents Bates labeled HruskaTexas 001088, HruskaTexas 001109, HruskaTexas 001128, HruskaTexas 001106, HruskaTexas 001440, HruskaTexas 001452, HruskaTexas 001487, HruskaTexas 001499, HruskaTexas 001450, HruskaTexas 001463, HruskaTexas 001497, HruskaTexas 001510, HruskaTexas 001473, HruskaTexas 001474, HruskaTexas 001520, HruskaTexas 001521.

**REQUEST NO. 32**: Produce all documents and electronically stored information regarding any cease-and-desist letters, demand letters, other communications, lawsuits, enforcement actions, administrative proceedings, investigations, or inquiries that involved, were

sent by, or were received by You regarding any of the Asserted Marks (other than the present Action).

**RESPONSE**: Plaintiff objects to this request to the extent it is overly broad, unduly burdensome, not limited in time or scope, lacks particularity, and is not relevant to any party's claim or defense or proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff further objects to this request to the extent that it seeks information that is protected by the attorney-client privilege, the work product exemption, and materials prepared in anticipation of litigation or for trial.

Subject to these objections and the objections stated above, Plaintiff has no responsive documents.

**REQUEST NO. 33**: Produce documents and electronically stored information sufficient to show all geographic locations where You advertise or promote Your services or goods and/or use any of the Asserted Marks.

**RESPONSE**: Please see documents Bates labeled HruskaTexas 000285 – HruskaTexas 000299, HruskaTexas 001088 – HruskaTexas 001111, HruskaTexas 001115 – HruskaTexas 001128, HruskaTexas 001150 – HruskaTexas 001154, HruskaTexas 001429 – HruskaTexas 001467, HruskaTexas 001471 – HruskaTexas 001474, HruskaTexas 001476 – HruskaTexas 001514, HruskaTexas 001518 – HruskaTexas 001521, HruskaTexas 001112 – HruskaTexas 001114, HruskaTexas 001129 – HruskaTexas 001149, HruskaTexas 001135 – HruskaTexas 001147, HruskaTexas 001155 – HruskaTexas 001167, HruskaTexas 001381 – HruskaTexas 001382, HruskaTexas 001387 – HruskaTexas 001399, HruskaTexas 001400 – HruskaTexas 001428, HruskaTexas 001468 – HruskaTexas 001470, HruskaTexas 001515 – HruskaTexas 001517, HruskaTexas 001552 – HruskaTexas 002105, HruskaTexas 002135 – HruskaTexas 002225, HruskaTexas 002226 – HruskaTexas 002385.

.

**REQUEST NO. 34**: Produce all documents and electronically stored information regarding any plans to expand Your services and goods offered or sold in connection with any of the Asserted Marks, including, but not limited to, the channels of marketing and trade for Your services and goods, Your location(s), or Your marketing and advertising campaigns.

**RESPONSE**: Plaintiff objects to this request to the extent it is overly broad, unduly burdensome, not limited in time or scope, lacks particularity, and is not relevant to any party's claim or defense or proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff further objects to this request to the extent that it seeks information that is protected by the attorney-client privilege, the work product exemption, and materials prepared in anticipation of litigation or for trial. Plaintiff further objects on the basis that this request seeks confidential trade secret information.

Subject to these objections and the objections stated above, Plaintiff will produce responsive documents subject to a protective order. See documents Bates labeled HruskaTexas 002243.

**REQUEST NO. 35**: Produce all documents and electronically stored information regarding Your current and former document retention and destruction policies.

**RESPONSE**: Plaintiff has no responsive documents.

**REQUEST NO. 36**: Produce documents and electronically stored information in Your possession, custody or control sufficient to show, by category, the types or categories of Plaintiff's existing and potential consumers.

**RESPONSE**: Plaintiff objects to this request to the extent it is overly broad, unduly burdensome, not limited in time or scope, lacks particularity, and is not relevant to any party's claim or defense or proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to these objections and the objections stated above, Plaintiff has no responsive documents.

**REQUEST NO. 37**: Produce documents and electronically stored information which reflect, memorialize, summarize, or evidence all direct or indirect communications between Plaintiff or representatives of Plaintiff, on the one hand, and any of the Defendants or representative(s) of any of the Defendants, on the other hand, from January 1, 2013 through the present.

**RESPONSE**: Plaintiff objects to this request as unduly burdensome as this information is equally available to Defendants.

**PLAINTIFF'S RESPONSES TO DEFENDANTS'**
**FIRST SET OF REQUESTS FOR ADMISSION**

**REQUEST NO. 1**: Admit that any documents produced in response to the above requests for production of documents and things are true and correct copies of the original documents.

**RESPONSE**: Admit

**REQUEST NO. 2**: Admit that You were aware of one or more of the Defendants as of at least April 1, 2014.

**RESPONSE**: Deny.

**REQUEST NO. 3**: Admit that You were aware of one or more of the Defendants as of at least January 25, 2019.

**RESPONSE**: Deny.

**REQUEST NO. 4**: Admit that You were aware of one or more of the Defendants as of at least September 11, 2020.

**RESPONSE**: Admit.

**REQUEST NO. 5**: Admit that You were aware of one or more of the Defendants as of at least October 16, 2020.

**RESPONSE**: Admit.

**REQUEST NO. 6**: Admit that You were aware of one or more of the Defendants' Marks as of at least October 16, 2020.

**RESPONSE**: Admit.

**REQUEST NO. 7**: Admit that Teresa James spoke with Ross Hruska by telephone prior to April 1, 2014.

**RESPONSE**: Deny.

**REQUEST NO. 8**: Admit that a representative of Plaintiff spoke with a representative of Defendants by telephone prior to April 1, 2014.

**RESPONSE**: Deny.

**REQUEST NO. 9**: Admit that You have never used any of Your Asserted Marks in Utah.

**RESPONSE**: Deny.

**REQUEST NO. 10:** Admit that, as of at least January 25, 2019, one or more Defendants was/were featured on the Food Networks' nationally broadcast "Diners, Drive-Ins, and Dives" television program.

**RESPONSE**: Plaintiff lacks sufficient knowledge or information regarding the truth of this request, therefore denied.

**REQUEST NO. 11**: Admit that, as of at least September 11, 2020, one or more Defendants was/were featured on the Food Networks' nationally broadcast Diners, Drive-Ins, and Dives television program.

**RESPONSE**: Admit.

**REQUEST NO. 12**: Admit that Defendants' Marks were shown on the Food Networks' nationally broadcast Diners, Drive-Ins, and Dives television program.

**RESPONSE**: Admit.

**REQUEST NO. 13**: Admit that "Hruska" is a surname.

**RESPONSE**: Admit.

**REQUEST NO. 14**: Admit that Hruska is a family surname affiliated with Teresa James.

**RESPONSE**: Plaintiff objects to this request as it is unclear what is meant by the term "affiliated." Subject to this objection and those above, Teresa James admits that she is the granddaughter of Bessie and Frankie Hruska.

**REQUEST NO. 15**: Admit that You did not start using the HRUSKA'S Asserted [word] Mark (U.S. TM Reg. No. 6,514,796) until December 31, 2020.

**RESPONSE**: Deny.

**REQUEST NO. 16**: Admit that You have not had any financial losses as a result of Defendants' Marks.

**RESPONSE**: Deny.

**REQUEST NO. 17**: Admit that the Czech word "hruska" translates as "pear" in English.

**RESPONSE**: Admit.

**REQUEST NO. 18**: Admit that You operate only a single physical storefront in Ellinger, Texas.

**RESPONSE**: Admit.

**REQUEST NO. 19**: Admit that You do not advertise outside of Texas.

**RESPONSE**: Deny.

**REQUEST NO. 20:** Admit that You do not sell products outside of Texas.

**RESPONSE**: Deny.

**REQUEST NO. 21:** Admit that You do not provide services outside of Texas.

**RESPONSE**: Deny.

**REQUEST NO. 22:** Admit that Your standalone pear logo Asserted Mark (U.S. TM Reg. No. 7,436,318) is not used on its own in any of your advertising or marketing materials.

**RESPONSE**: Deny.

**REQUEST NO. 23**: Admit that Your standalone pear logo Asserted Mark (U.S. TM Reg. No. 7,436,318) is different than the pear designs appearing across the top of Your Website.

**RESPONSE**: Deny.

**REQUEST NO. 24**: Admit that You changed Your Website between July 12, 2023 and November 22, 2023 to add the pear designs appearing across the top of Your Website for the first time.

**RESPONSE**: Admit.

**REQUEST NO. 25**: Admit that, aside from the existence of U.S. TM Reg. No. 7,436,318 itself, You have no evidence that Your HRUSKA'S Asserted [word] Mark has acquired distinctiveness.

**RESPONSE**: Deny.

**REQUEST NO. 26**: Admit that depictions of pears are used by other third parties.

**RESPONSE**: Admit.

**REQUEST NO. 27**: Admit that You have not been damaged as a result of Defendants' Marks.

**RESPONSE**: Deny.

**REQUEST NO. 28**: Admit that You do not sell products on Your Website.

**RESPONSE**: Deny.

**REQUEST NO. 29**: Admit that customers cannot purchase Your products through Your Website.

**RESPONSE**: Deny.

**REQUEST NO. 30**: Admit that You have not identified any actual damages that have resulted from actual consumer confusion as between Defendants' Marks and the Asserted Marks.

**RESPONSE**: Deny.

**REQUEST NO. 31:** Admit that You are not aware of any circumstances in which a customer completed a transaction with Defendants while intending to carry out a transaction with You.

**RESPONSE**: Plaintiff lacks sufficient knowledge or information regarding the truth of this request, therefore denied.

**REQUEST NO. 32**: Admit that You are not aware of any circumstances in which a customer completed a transaction with You while intending to carry out a transaction with Defendants.

**RESPONSE**: Deny.

Dated this 12th day of May, 2025.

PARSONS BEHLE & LATIMER

By *<u>/s/ Angélique M. McCall</u>*
Lewis M. Francis
Brennan Curtis
Joseph F. Cleveland
Angélique M. McCall

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on May 12, 2025, the foregoing document was served by email upon the following:

Joshua Rupp
*jrupp@kmclaw.com*
Russell Griggs
*rgriggs@kmclaw.com*
Kirton & McConkie
26 S. State Street, #1900
Salt Lake City, Utah 84111
*Attorneys for Defendants*

*/s/ Angélique M. McCall*
Angélique M. McCall

Lewis M. Francis, USB 6545
Brennan Curtis, USB 16433
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
LFrancis@ParsonsBehle.com
BCurtis@ParsonsBehle.com
ecf@parsonsbehle.com

Joseph F. Cleveland, Jr., Texas Bar #04378900 *(Pro Hac Vice Application Pending)*
Angélique M. McCall Ditty, Texas Bar #24104172 *(Pro Hac Vice Application Pending)*
**BRACKETT & ELLIS**
100 Main Street
Fort Worth, Texas 76102-3090
Telephone: 817.338.1700
Facsimile: 817.870.2265

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| HRUSKA'S GROCERY COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>HRUSKA'S INC. d/b/a HRUSKA'S KOLACHES, HRUSKA'S WEST JORDAN, LLC, HRUSKA'S SUGARHOUSE, LLC, HRUSKA'S PROVO, LLC, HRUSKA'S OREM, LLC, HRUSKA'S MANAGEMENT GROUP, INC., HRUSKA'S AMERICAN FORK, LLC,<br><br>Defendants. | **DECLARATION IN LIEU OF VERIFICATION**<br><br>Case No. 2:24-cv-00769-DAO<br><br>Judge Jill N. Parish<br><br>Magistrate Judge Daphne A. Oberg |

**DECLARATION IN LIEU OF VERIFICATION**

My name is Teresa James. I have personal knowledge of the facts stated in the answers to Defendants' first set of interrogatories to Hruska's Grocery Company, which are true and correct. I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 12th day of May 2025.

Teresa James