Lewis M. Francis, USB 6545
Jordan N. Anderson, USB 19223
Patrick J. Neville, USB 17497
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
LFrancis@ParsonsBehle.com
ecf@parsonsbehle.com

Joseph F. Cleveland, Jr., Texas Bar #04378900 *(Admitted Pro Hac Vice)*
Angélique M. McCall Ditty, Texas Bar #24104172 *(Admitted Pro Hac Vice)*
**BRACKETT & ELLIS**
100 Main Street
Fort Worth, Texas 76102-3090
Telephone: 817.338.1700
Facsimile: 817.870.2265
*jcleveland@belaw.com>*
*amccall@belaw.com*

**Attorneys for Plaintiff**

---

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

---

| | |
|---|---|
| HRUSKA'S GROCERY COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>HRUSKA'S INC. d/b/a HRUSKA'S KOLACHES, HRUSKA'S WEST JORDAN, LLC, HRUSKA'S SUGARHOUSE, LLC, HRUSKA'S PROVO, LLC, HRUSKA'S OREM, LLC, HRUSKA'S MANAGEMENT GROUP, INC., HRUSKA'S AMERICAN FORK, LLC,<br><br>Defendants. | **PLAINTIFF'S OPPOSITION TO DEFENDANTS' SHORT-FORM DISCOVERY MOTION TO COMPEL RESPONSES TO INTERROGATORY NOS. 4-5, 9 & 15 AND DOCUMENTS RESPONSIVE TO REQUEST FOR PRODUCTION NOS. 1-2 & 8-14**<br><br>Case No. 2:24-cv-00769-DAO<br><br>Judge Jill N. Parish<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff Hruska's Grocery Company ("Plaintiff"), pursuant to DUCivR 37-1(b), respectfully submits the following opposition to Defendants' Motion to Compel Responses to Interrogatory Nos. 4-5, 9 & 15 and Documents Responsive to Request for Production Nos. 1-2 & 8-14 (Dkt. 53, the "Motion" or "Mot.").

The Motion seeks to compel Plaintiff's response to the above-identified interrogatories and requests for production ("RFPs"). As Defendants state, the interrogatories seek Plaintiff's "monthly and annual revenue," "gross and net profits on a monthly and annual basis," and other promotional expenditures associated "with the Accused Marks," "from January 1, 1995 to the present." (Mot. at 2.) Likewise, Defendants' state that the above-identified RFPs seek documents sufficient to show Plaintiff's "monthly and annual" advertising expenditures, "monthly and annual revenue," "gross and net profits," "detailed monthly profit and loss statements" and "sales," "audited financial statements," and other "financial data" related to Plaintiff's damages, "all from January 1, 1995 to the present." (*Id.*)

Defendants' Motion should be denied. First, in light of documents recently produced by Plaintiff, the Motion is moot. Before Defendants filed the Motion, Plaintiff produced the requested information for the year 2024. (*Id.*) Shortly after Defendants filed the Motion, Plaintiff produced the requested information for the years 2012 through 2023. The documents recently produced by Plaintiff demonstrate Plaintiff's (1) monthly and annual advertising expenditures, (2) monthly and annual revenue; (3) monthly and annual gross and net profits, (4) monthly and annual sales; and (5) monthly and annual income and expenses broken down by category of income and/or expenditure. Plaintiff does not have any audited financial statements in its possession. Plaintiff is in the process of amending its prior interrogatory responses to reflect the information that it

produced for 2012 through 2023. It will serve the amended interrogatory responses shortly after this opposition is filed.

Second, while Defendants have requested the above-referenced information from 1995 through the present, the date range suggested by Defendants is overbroad and unduly burdensome. As Defendants acknowledge, the relevant time period for Plaintiff's financial information is no broader than 2014, when Defendants adopted the infringing marks, through the present. (*See* Mot. at 3 (arguing that Defendants are entitled to discover Plaintiff's financial performance "from before Defendants' adopted their accused marks in 2014 to the present" to assess how Defendants' accused trademarks have impacted Plaintiff and whether Defendants' media attention in 2019 and 2020 has impacted Plaintiff). Plaintiff has now produced all the relevant financial information in its possession for 2012 through 2024, providing Defendants with the financial data they claim to need to test Plaintiff's damages. Financial documents preceding 2012 are not relevant because Defendants' infringing marks were not adopted until 2014.

For the foregoing reasons, Defendants' Motion is moot and should be denied.

Respectfully submitted this 21st day of July, 2025.

/s/ *Patrick J. Neville*
Lewis M. Francis
Jordan N. Anderson
Patrick J. Neville
PARSONS BEHLE & LATIMER

/s/ *Angélique M. McCall*
Angélique M. McCall
BRACKETT & ELLIS, P.C.

ATTORNEYS FOR PLAINTIFF

**WORD COUNT CERTIFICATE**

I hereby certify that the foregoing Plaintiff's Opposition to Defendants' Short Form Discovery Motion to Compel Responses to Interrogatory Nos. 4-5, 9 & 15 and Documents Responsive to Request for Production Nos. 1-2 & 8-14 complies with the word limits in DUCivR 37-1(b)(3). The foregoing Opposition is 452, exclusive of caption, date, and signature block.

/s/ *Patrick J. Neville*
Patrick J. Neville

**CERTIFICATE OF SERVICE**

I hereby certify that on July 21, 2025, I electronically filed the foregoing document with the Clerk of Court for the United States District Court, District of Utah, Central Division, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

/s/ *Patrick J. Neville*
Patrick J. Neville