UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| HRUSKA'S GROCERY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>HRUSKA'S INC. d/b/a HRUSKA'S KOLACHES; HRUSKA'S WEST JORDAN, LLC; HRUSKA'S SUGARHOUSE, LLC; HRUSKA'S PROVO, LLC; HRUSKA'S OREM, LLC; HRUSKA'S MANAGEMENT GROUP, INC.; and HRUSKA'S AMERICAN FORK, LLC,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br>**(DOC. NO. 40)**<br><br>Case No. 2:24-cv-00769<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff Hruska's Grocery Company brought this trademark infringement action against seven companies, claiming they infringed its registered word marks and design marks.[1] Hruska's Grocery now moves for leave to amend its complaint, seeking to remove the infringement, unfair competition, and unjust enrichment claims related to its design marks.[2] Defendants oppose the motion, arguing it should be treated as a motion for voluntary dismissal—and should be denied so these claims can be adjudicated on

---

[1] (*See* Compl., Doc. No. 1.)

[2] (Pl.'s Mot. [for] Leave to File First Am. Compl. (Mot.), Doc. No. 40.)

the merits.[3]  Because the motion is properly brought as a motion to amend and there is no basis to deny leave to amend, the motion is granted.

## LEGAL STANDARDS

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that, except for dismissals permitted without a court order under Rule 41(a)(1),[4] "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."[5]  Although this rule refers to dismissal of an "action," the Tenth Circuit has interpreted it as permitting "the dismissal of fewer than all parties so long as all claims against a particular party are dismissed."[6]  But Rule 41(a) cannot be used to dismiss fewer than all claims against a defendant.[7]  Instead, a plaintiff "who wishes to dismiss some claims, but not others, should do so by amending the complaint pursuant to Rule 15."[8]

---

[3] (Defs.' Mem. in Opp'n to Pl.'s Mot. [for] Leave to File First Am. Compl. (Opp'n), Doc. No. 41.)

[4] *See* Fed. R. Civ. P. 41(a)(1)(A) ("[T]he plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared.").

[5] Fed. R. Civ. P. 41(a)(2).

[6] *Kristina Consulting Grp., LLC v. Debt Pay Gateway, Inc.*, No. 21-5022, 2022 U.S. App. LEXIS 7858, at *5 n.4 (10th Cir. Mar. 25, 2022) (unpublished) (addressing a voluntary dismissal under Rule 41(a)(1)(A)).

[7] *See id.*; *Gobbo Farms & Orchards v. Poole Chemical Co.*, 81 F.3d 122, 123 (10th Cir. 1996).

[8] *Royal Pac. Ltd. v. Faith Elec. Mfr. Co.*, 322 F. Supp. 3d 1178, 1183 (D.N.M. 2018) (citation omitted).

Here, Hruska's Grocery seeks to amend its complaint to remove only its design mark claims, but the proposed amended complaint still contains word mark infringement claims against all defendants. In other words, the proposed amendment would not result in dismissal of all claims against any defendant. Accordingly, Rule 41(a) does not apply. The motion is properly brought under Rule 15.

Under Rule 15, unless an amendment is allowed as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave."[9] Rule 15 instructs courts to "freely give leave when justice so requires."[10] The purpose of this rule is "to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties."[11] "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[12]

## ANALYSIS

Defendants have not shown any of the factors justifying denial of leave to amend are present here. First, the motion is not unduly delayed. Hruska's Grocery filed it before the deadline for moving to amend pleadings set forth in the scheduling order,

---

[9] Fed. R. Civ. P. 15(a)(2).

[10] *Id.*

[11] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (citation modified).

[12] *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (citation omitted).

and approximately halfway through the fact discovery period.[13]  Hruska's Grocery explains it seeks to remove the design mark claims based on information learned in discovery,[14] and there is no indication it unduly delayed bringing the motion.

Next, Defendants have not demonstrated they will be unduly prejudiced by the proposed amendment.  Defendants argue they have expended "considerable effort, expenses, and resources in the pleading and (ongoing) discovery process," in an unsuccessful mediation, and in filing a petition with the United States Patent and Trademark Office (PTO) to cancel some of the trademarks at issue.[15]  But denying leave to amend would not change this, and narrowing the scope of the case will presumably reduce the effort and cost of litigation going forward.  Defendants also acknowledge they can still proceed with their counterclaims in this case and the cancelation proceedings before the PTO, even if Hruska's Grocery's design mark claims are dismissed.[16]  Moreover, Hruska's Grocery moved to amend relatively early in the case—well before the close of fact discovery, before the filing of any dispositive

---

[13] (*See* Scheduling Order, Doc. No. 36.)  The original scheduling order was entered on January 22, 2025.  This order set a deadline to file motions to amend pleadings on May 5, 2025, and a fact discovery deadline on August 29, 2025.  (*Id.*)  Hruska's Grocery filed its motion to amend on April 18, 2025.  (Mot., Doc. No. 40.)  At the parties' joint request, the scheduling order has since been amended to extend fact discovery to November 28, 2025.  (Am. Scheduling Order, Doc. No. 59.)

[14] (*See* Mot. 3, Doc. No. 40.)

[15] (Opp'n 9, Doc. No. 41.)

[16] (*See id.* at 9 & 10 n.38.)

4

motions, and before the setting of a trial date.[17] Defendants will not be unduly prejudiced if some of Hruska's Grocery's claims against them are dismissed at this stage.[18]

     Defendants also argue the proposed amendment is futile because "the scope and breadth of the parties' asserted competing trademark rights still remain to be comprehensively litigated through Defendants' affirmative defenses, . . . counterclaims, and/or the Cancelation Proceedings."[19] But this argument reflects a misconception of the meaning of futility for purposes of Rule 15. Under this rule, a "proposed amendment

---

[17] Defendants cite cases finding "legal prejudice," for purposes of a Rule 41(a) analysis, where a plaintiff moved to voluntarily dismiss claims after summary judgment motions were filed. See Phillips USA v. Allflex USA, 77 F.3d 354, 358 (10th Cir. 1996); Pines v. EMC Mortg. Corp., No. 2:08-CV-137, 2009 U.S. Dist. LEXIS 53122, at *11–13 (D. Utah June 15, 2009) (unpublished). These cases are inapplicable here because (1) Rule 41(a) does not govern the instant motion, and (2) Hruska's Grocery seeks leave to amend during fact discovery and before any summary judgment motions have been filed.

[18] Defendants also argue they will be prejudiced because withdrawal of the design mark claims would "undercut Defendants' status as the prevailing party and entitlement to an award of fees at the conclusion of trial." (Opp'n 7 n.26, Doc. No. 41.) But Defendants cite no authority supporting the notion that a potential impact on an assumed future award of attorney fees constitutes undue prejudice for purposes of a Rule 15 amendment. Indeed, at least one court has found a defendant's request for attorney fees—as a condition precedent to the court granting a plaintiff leave to withdraw claims—unwarranted. See Sanchez v. Thomas, Thomas, Wichterman & Assocs., LLC, No. 11-cv-02360, 2012 U.S. Dist. LEXIS 27539, at *4–6 (D. Colo. Mar. 2, 2012) (unpublished) (noting "this case does not present the scenario where a plaintiff baited the defendant with the prospect of recovering fees until late in the action, only to seek to abandon a . . . claim on the eve of trial").

[19] (Opp'n 10 n.38, Doc. No. 41.)

is futile if the complaint, as amended, would be subject to dismissal."[20]  Where Defendants do not argue the proposed amended complaint would be subject to dismissal, they have not shown leave to amend should be denied based on futility.

Finally, there is no basis in the record to conclude Hruska's Grocery's motion to amend is made in bad faith or with dilatory motive.  And Hruska's Grocery has not failed to cure deficiencies by amendments previously allowed, as this is its first amendment.  Where there is no basis to deny leave to amend under the relevant factors, justice requires leave to amend be granted.

## CONCLUSION

Hruska's Grocery's motion for leave to amend[21] is granted.  Hruska's Grocery shall file the First Amended Complaint in the form found at docket number 40-1 within seven days.  Once filed on the docket, the First Amended Complaint will be the operative pleading in this case.

DATED this 12th day of August, 2025.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge

---

[20] *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007) (citation omitted).

[21] (Doc. No. 40.)