UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| HRUSKA'S GROCERY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>HRUSKA'S INC. d/b/a HRUSKA'S KOLACHES; HRUSKA'S WEST JORDAN, LLC; HRUSKA'S SUGARHOUSE, LLC; HRUSKA'S PROVO, LLC; HRUSKA'S OREM, LLC; HRUSKA'S MANAGEMENT GROUP, INC.; and HRUSKA'S AMERICAN FORK, LLC,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION TO COMPEL RESPONSES TO INTERROGATORY 24 AND REQUEST FOR PRODUCTION 24 (DOC. NO. 44)**<br><br>Case No. 2:24-cv-00769<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

In this trademark infringement action, Defendants move to compel Plaintiff Hruska's Grocery Company to respond to Interrogatory 24 and Request for Production (RFP) 24, which seek identification and production of communications between Hruska's Grocery and its counsel relating to its trademark applications.[1] Because these communications are privileged and Defendants have not demonstrated grounds to overcome the privilege, the motion is denied.

---

[1] (Defs.' DUCivR 37-1(b) Expedited Short Form Disc. Mot. to Compel a Resp. to Interrog. No. 24 and Docs. Responsive to Req. for Produc. No. 24 (Mot.), Doc. No. 44.)

## BACKGROUND

Hruska's Grocery Company brought this action against seven companies, claiming they have infringed trademarks registered with the United States Patent and Trademark Office (PTO).[2] Defendants challenge the validity of the trademarks, claiming (among other things) that Hruska's Grocery procured the marks through fraud on the PTO or inequitable conduct.[3] Specifically, Defendants allege Hruska's Grocery falsely represented in its application to the PTO that no other persons had the right to use "HRUSKA'S" and that the asserted word mark had become distinctive of its goods/services through its substantially exclusive and continuous use of the mark for the preceding five years.[4]

Defendants' Interrogatory 24 asks Hruska's Grocery to "[i]dentify and describe with particularity each communication and document exchanged between You and any of Your representatives, including but not limited to, Angelique M. McCall, Esq. in relation to the preparation, filing, applying to register, and/or prosecution of each of the

---

[2] (*See* Compl., Doc. No. 1.)

[3] (*See* Answer to Compl. and Countercls. (Answer and Countercls.) 10, 20–24, Doc. No. 22.)

[4] (*Id.* at 20–21, ¶¶ 34–36.) In their counterclaims, Defendants also allege Hruska's Grocery made false representations in prosecuting its design mark applications. (*Id.* at 22–23, ¶¶ 42–47.) However, Hruska's Grocery has since been granted leave to amend its complaint to remove claims of design mark infringement. (*See* Mem Decision and Order Granting Pl.'s Mot. for Leave to File First Am. Compl., Doc. No. 61.)

Asserted Marks with the United States Patent and Trademark Office."[5] Hruska's Grocery objected to this interrogatory based on attorney-client privilege and work-product protection (among other grounds), and did not provide the requested information.[6]

RFP 24 seeks "all documents and electronically stored information related to the preparation, filing, applying to register, and/or prosecution of each of the Asserted Marks with the [PTO], including all communications between You and any other person, representative (including, but not limited to, Angelique M. McCall, Esq.), or third party related to the same."[7] Hruska's Grocery objected to this RFP "to the extent it seeks information protected by" attorney-client privilege and work-product protection (among other grounds).[8] Hruska's Grocery has agreed to produce nonprivileged responsive documents but declined to produce privileged communications with its counsel.[9]

---

[5] (Ex. A to Mot., Defs.' First Set of Disc. Reqs. to Pl. Hruska's Grocery Co. (Disc. Reqs.) 17, Interrog. 24, Doc. No. 44-1.)

[6] (Ex. B to Mot., Pl.'s Resps. To Defs.' First Set of Disc. Reqs. (Disc. Resps.) 10–11, Answer to Interrog. 24, Doc. No. 44-2.)

[7] (Ex. A to Mot., Disc. Reqs. 22, RFP 24, Doc. No. 44-1.)

[8] (Ex. B. to Mot., Disc. Resps. 18, Resp. to RFP 24, Doc. No. 44-2.)

[9] (*See id.*; Pl.'s Opp'n to Defs.' Short-Form Disc. Mot. to Compel Resp. to Interrog. No. 24 and Docs. Responsive to Req. for Produc. No. 24 (Opp'n) 2, Doc. No. 46.)

## ANALYSIS

Defendants argue the requested communications between Hruska's Grocery and its counsel are relevant to Defendants' allegations of fraud on the PTO.[10] Defendants also contend Plaintiffs cannot claim attorney-client privilege due to the "fraud/crime exception."[11] They argue that, at minimum, Hruska's Grocery must produce "all factual information exchanged during the prosecution process between Plaintiff and its counsel."[12] Finally, Defendants contend work-product protection does not apply because trademark applications are not prepared in anticipation of litigation.[13]

In opposition, Hruska's Grocery asserts Defendants are not entitled to discover privileged communications merely because Defendants allege fraud or inequitable conduct.[14] Hruska's Grocery also argues the cases cited by Defendants do not support the proposition that factual information exchanged between a client and counsel cannot be privileged.[15]

As an initial matter, Hruska's Grocery suggests the court should apply either Federal Circuit or Texas law to determine whether attorney-client privilege applies.[16]

---

[10] (Mot. 2, 4, Doc. No. 44.)

[11] (*Id.*)

[12] (*Id.* at 3–4.)

[13] (*Id.* at 3.)

[14] (Opp'n 2, Doc. No. 46.)

[15] (*Id.* at 2–3.)

[16] (*See* Opp'n 2 n.1, Doc. No. 46.)

But decisions of the Tenth Circuit, not the Federal Circuit, are binding on this court in trademark infringement cases.[17] And in federal question cases such as this one, "privileges are 'generally governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience.'"[18] Therefore, Tenth Circuit precedent governs the privilege dispute in this case.[19]

The federal rules permit discovery on "any *nonprivileged* matter that is relevant to any party's claim or defense and proportional to the needs of the case."[20] Attorney-client privilege "protects confidential communications by a client to an attorney made in order to obtain legal assistance from the attorney in his capacity as a legal advisor."[21] The discovery requests at issue ask Hruska's Grocery to describe and produce its communications with its attorney relating to trademark applications. Such communications fall within the scope of attorney-client privilege as defined above, and Defendants have offered no basis to conclude privilege does not apply.

---

[17] *See Wilson v. AdvisorLaw LLC*, 780 F. App'x 649, 652 n.6 (10th Cir. 2019) (unpublished) (noting Tenth Circuit decisions are binding precedent for Lanham Act claims); *see also* 15 U.S.C. § 1121(a) (providing the "district and territorial courts of the United States shall have original jurisdiction, [and] the courts of appeal of the United States (other than the United States Court of Appeals for the Federal Circuit) . . . shall have appellate jurisdiction" over Lanham Act claims).

[18] *Utah First Fed. Credit Union v. Univ. First Fed. Credit Union*, No. 2:22-cv-00146, 2024 U.S. Dist. LEXIS 129685, at *14 (D. Utah July 22, 2024) (unpublished) (quoting *In re Qwest Commc'ns. Int'l Inc.*, 450 F.3d 1179, 1184 (10th Cir. 2006)).

[19] *See id.* (applying Tenth Circuit precedent to a privilege dispute in a trademark infringement case).

[20] Fed. R. Civ. P. 26(b)(1).

[21] *In re Grand Jury Proc.*, 616 F.3d 1172, 1182 (10th Cir. 2010) (citation modified).

First, Defendants have not demonstrated a basis to pierce attorney-client privilege under the crime-fraud exception. Privilege "does not apply where the client consults an attorney to further a crime or fraud."[22] "Fraud in procuring a trademark registration or renewal occurs when an applicant knowingly makes false, material representations of fact in connection with [the] application" with "intent to mislead the PTO."[23] But a party asserting the crime-fraud exception must provide "record evidence" showing the attorney's advice "was sought to perpetuate a crime [or] a fraud."[24] A "broad overall claim" that the crime-fraud exception applies, based solely on allegations of fraud, is insufficient.[25]

Here, Defendants have not presented any evidence showing Hruska's Grocery's communications with its attorney relating to the trademark applications were in furtherance of a crime or fraud. Rather, Defendants rely solely on the allegations in their own pleadings that Hruska's Grocery knowingly made misrepresentations regarding exclusivity before the PTO.[26] These allegations, on their own, are insufficient

---

[22] *Sprague v. Thorn Ams., Inc.*, 129 F.3d 1355, 1371–72 (10th Cir. 1997) (citation omitted).

[23] *In re Bose Corp.*, 580 F.3d 1240, 1243 (Fed. Cir. 2009) (citation modified).

[24] *Sprague*, 129 F.3d at 1372; *see also In re Spalding Sports Worldwide*, 203 F.3d 800, 808 (Fed. Cir. 2000) (finding mere allegations of misrepresentations or omissions before the PTO insufficient to overcome attorney-client privilege in the patent context).

[25] *Am. W. Bank Members, L.C. v. Utah*, No. 2:16-cv-00326, 2022 U.S. Dist. LEXIS 6227, at *14 (D. Utah Jan. 11, 2022) (unpublished); *see also Lifewise Master Funding v. Telebank*, 206 F.R.D. 298, 305 (D. Utah 2002) ("A broad overall claim as to all the communications as being within the crime/fraud exception cannot be accepted.").

[26] (*See* Mot. 2, Doc. No. 44 (citing Answer and Countercls. 9–11, 17–25).)

to overcome attorney-client privilege. If mere allegations were sufficient, the assertion of attorney-client privilege over communications related to trademark applications would be vitiated in every case where a party alleged the trademark was procured through fraud.

Defendants also contend courts "routinely" allow discovery of the mental impressions, knowledge, and actions of the trademark-prosecution attorney when such information is pertinent to a defense of inequitable conduct or fraud.[27] But the two cases cited by Defendants do not support the premise that privilege does not apply; the courts did not permit discovery of attorney-client privileged communications.[28] In *Ed Tobergte Associates Company v. Russell Brands, LLC*,[29] the court permitted a deposition of an attorney regarding her knowledge of prior art during prosecution of a patent.[30] Specifically, the court found the party seeking the deposition had shown "some of the information sought may not be protected by the attorney-client privilege or as work product," and noted specific privilege objections could properly be raised during the deposition.[31] Similarly, in *Davis-Lynch, Inc. v. Weatherford International, Inc.*,[32] the

---

[27] (*Id.*)

[28] *See Ed Tobergte Assocs. Co. v. Russell Brands, LLC*, 259 F.R.D. 550, 559–60 (D. Kan. 2009); *Davis-Lynch, Inc. v. Weatherford Int'l, Inc.*, No. 6:07-CV-559, 2009 WL 7401969, at *2–3 (E.D. Tex. Apr. 24, 2009) (unpublished).

[29] 259 F.R.D. 550.

[30] *Id.* at 556–60.

[31] *Id.* at 559.

[32] 2009 WL 7401969.

court permitted an attorney who prosecuted a patent to be deposed and subpoenaed for documents, noting a patent prosecuting attorney's mental impressions are relevant to an inequitable conduct defense and specific privilege objections could be raised at the deposition.[33] Neither court required production of attorney-client communications over a party's privilege objections.

Unlike in *Ed Tobergte Associates* and *Davis-Lynch, Inc.*, Defendants in this case do not seek a deposition or other discovery regarding knowledge or mental impressions from the attorney who prosecuted the marks. Instead, Defendants specifically seek to compel Hruska's Grocery to describe and produce attorney-client communications. Defendants fail to make any viable argument that privilege does not apply to the communications themselves.

Finally, Defendants argue "factual information exchanged during the prosecution process between Plaintiff and its counsel" is not privileged and must be produced.[34] Defendants cite *BBAM Aircraft Management LP v. Babcock & Brown LLC*[35] for the proposition that "trademark investigations" are not privileged.[36] But the *BBAM* court merely found factual information regarding the results of a trademark investigation (and a party's knowledge of that information) was not privileged—not that the

---

[33] *Id.* at *2–3.

[34] (Mot. 3–4, Doc. No. 44.)

[35] No. 3:20-cv-1056, 2022 U.S. Dist. LEXIS 154791, at *29 (D. Conn. Aug. 29, 2022) (unpublished)

[36] (Mot. 4 n.18, Doc. No. 44.)

communications themselves were unprivileged.[37]  As the *BBAM* court explained, a party "may not refuse to disclose any relevant fact within his knowledge merely because he incorporated a statement of such fact into his communication to his attorney."[38]  Here, Defendants have requested the actual communications, not merely the underlying factual information.  And Defendants have cited no controlling authority finding such communications discoverable under the circumstances presented here.

In sum, Hruska's Grocery has made a colorable claim that the communications it is withholding are privileged, and Defendants fail to offer any viable argument to the contrary.  (Where Hruska's Grocery does not state it is withholding information or documents solely based on work-product protection, this doctrine need not be addressed.)

## CONCLUSION

Defendants' motion to compel[39] responses to Interrogatory 24 and RFP 24 is denied.

DATED this 12th day of August, 2025.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge

---

[37] 2022 U.S. Dist. LEXIS 154791, at *28–29.

[38] *Id.* at *29 (quoting *Upjohn Co. v. United States*, 449 U.S. 383, 395–96 (1981)).

[39] (Doc. No. 44.)