UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| HRUSKA'S GROCERY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>HRUSKA'S INC. d/b/a HRUSKA'S KOLACHES; HRUSKA'S WEST JORDAN, LLC; HRUSKA'S SUGARHOUSE, LLC; HRUSKA'S PROVO, LLC; HRUSKA'S OREM, LLC; HRUSKA'S MANAGEMENT GROUP, INC.; and HRUSKA'S AMERICAN FORK, LLC,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO COMPEL RESPONSES TO INTERROGATORIES 4–5, 9, & 15 AND REQUESTS FOR PRODUCTION 1–2 & 8–14 (DOC. NO. 53)**<br><br>Case No. 2:24-cv-00769<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

In this trademark infringement action, Defendants move to compel Plaintiff Hruska's Grocery Company to fully respond to Interrogatories 4, 5, 9, and 15 and Requests for Production (RFPs) 1, 2, and 8 through 14.[1] The court held a hearing on August 12, 2025. Where the requested discovery is relevant and proportional, as stated at the hearing and explained below, the motion is granted.

## BACKGROUND

Hruska's Grocery Company brought this action against seven companies, claiming they have infringed trademarks registered with the United States Patent and

---

[1] (Defs.' DUCivR 37-1(b) Expedited Short Form Disc. Mot. to Compel Resps. to Interrog. Nos. 4–5, 9 & 15 and Reqs. for Produc. 1–2 & 8–14 (Mot.), Doc. No. 53.)

Trademark Office.[2] Hruska's Grocery alleges the marks have been in use since 1995 and Defendants' infringement began in 2014.[3]

The discovery requests at issue seek Hruska's Grocery's financial information from 1995 to present, including monthly and annual revenue, gross and net profits on a monthly and annual basis, promotional expenditures associated with the trademarks at issue, and audited financial statements.[4] Hruska's Grocery initially objected to the requests on grounds of relevance, overbreadth, and undue burden—and only produced responsive information and documents from 2024 to present.[5]

After several conferrals failed to resolve the dispute, Defendants filed their motion to compel, arguing the requested financial information is necessary to defend against Hruska's Grocery's claimed damages.[6] Shortly after Defendants filed the motion, Hruska's Grocery produced additional responsive documents from 2012 to 2023.[7] Hruska's Grocery then filed an opposition to the motion to compel, arguing the request for financial information before 2012 was overbroad, unduly burdensome, and

---

[2] (*See* Compl., Doc. No. 1.)

[3] (*See id.* ¶¶ 23, 25.)

[4] (*See* Mot. 2, Ex. A to Mot., Defs.' First Set of Disc. Reqs. to Pl. Hruska's Grocery Co., Doc. No. 53-2.)

[5] (*See id.*; Exs. B & C to Mot., Pl.'s Disc. Resps., Doc. Nos. 53-3 & 53-4.)

[6] (*See* Mot. 3, Doc. No. 53.)

[7] (*See* Pl.'s Opp'n to Defs.' Short-Form Disc. Mot. to Compel Resps. to Interrog. Nos. 4–5, 9 & 15 and Reqs. for Produc. 1–2 & 8–14 (Opp'n) 2, Doc. No. 56.)

irrelevant because Defendants' infringement did not begin until 2014.[8] Hruska's Grocery also asserted some categories of requested documents, such as audited financial statements, did not exist.[9] Then, the day before the hearing, Hruska's Grocery filed a declaration from its president stating: "After conducting a diligent search and reasonable inquiry, I have determined that no additional responsive documents are in the possession, custody, or control of Hruska's Grocery Company beyond those already produced."[10]

## ANALYSIS

Discovery Requests.  Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, a party may obtain discovery on "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."[11] Proportionality considerations include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."[12]

As explained at the hearing, the requested financial information and documents are relevant, where Hruska's Grocery claims actual damages resulted from Defendants'

---

[8] (*Id.* at 3.)

[9] (*Id.* at 2.)

[10] (Decl. of Teresa James, Doc. No. 60.)

[11] Fed. R. Civ. P. 26(b)(1).

[12] *Id.*

infringement.[13] A plaintiff who proves a trademark violation is entitled, "subject to the principles of equity, to recover (1) defendant's profits, (2) *any damages sustained by the plaintiff*, and (3) the costs of the action."[14] A plaintiff may prove actual damages by showing it lost business and profits as a result of the alleged infringement.[15] Here, Hruska's Grocery claims it sustained actual damages and seeks to recover those damages (not solely an award of Defendants' profits).[16] Information regarding Hruska's Grocery's financial performance since 1995 (when it began using the marks) is relevant to evaluate to the scope and value of its brand recognition and whether and to what extent Defendants' alleged infringement affected Hruska's Grocery's business and profits.

      The requests are also proportional to the needs of the case. Hruska's Grocery has provided no information regarding the time or costs required to respond. It has not shown the burden or expense of responding outweighs the likely benefit, given the relevance of the requested information to the central issue of damages. Because the requests at issue are relevant and proportional, Defendants' motion to compel is granted, and Hruska's Grocery must fully respond to the interrogatories and produce all documents responsive to the RFPs.

---

[13] (*See* Compl. ¶ 37, Doc. No. 1)

[14] 15 U.S.C. § 1117(a) (emphasis added); *see also W. Diversified Servs. v. Hyundai Motor Am., Inc.*, 427 F.3d 1269, 1272 (10th Cir. 2005).

[15] *See SCFC ILC, Inc. v. Visa U.S.A., Inc.*, 801 F. Supp. 517, 527 (D. Utah 1992).

[16] (*See* Compl. ¶¶ 37, 52.a, Doc. No. 1)

Hruska's Grocery's bare assertion that it has produced all responsive documents in its possession is inadequate, where it has not explained why no responsive documents exist before 2012 (and this is precisely the same time period Hruska's Grocery contends is irrelevant). Its president's declaration does not address this issue, and its counsel did not provide further information at the hearing. Based on the briefing and argument at the hearing, it is not apparent an adequate search has been conducted. Accordingly, Hruska's Grocery must conduct a renewed search for responsive documents and information from the entire requested time period. Following this search, it must provide supplemental responses to the interrogatories and RFPs. If any requested information or documents are not in its possession or control, Hruska's Grocery must state this in its supplemental responses.

<u>Attorney's Fees.</u>  At the hearing, Defendants requested an award of attorney's fees based on the fact that Hruska's Grocery provided the requested discovery (for the period from 2012 to 2023) only after the motion was filed. Rule 37 states that if a motion to compel is granted or the requested discovery is provided after the motion is filed, the court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."[17]  However, "the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or

---

[17] Fed. R. Civ. P. 37(a)(5)(A).

discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."[18]

      Hruska's Grocery provided the requested discovery for a substantial time period (2012 to 2023) only after the motion was filed. And the motion is granted as to the disputed period before 2012. Therefore, an award of reasonable expenses is required unless one of the rule's exceptions applies. At the hearing, Hruska's Grocery argued fees should not be awarded because it did not act in bad faith, it is a small family business, and it made reasonable efforts to respond given the broad scope and thirty-year timeframe of the requests. But none of these arguments demonstrate a fee award is unwarranted. First, bad faith is not required for an award of reasonable expenses under the rule. Further, the failure to provide any pre-2024 financial records until after the motion was filed was not substantially justified. The requests were propounded on February 5, 2025, meaning Hruska's Grocery had more than five months to respond before Defendants filed the motion on July 14. As to the other exceptions, there is no dispute Defendants made adequate attempts to resolve the dispute without court intervention, and no other circumstances make an award of expenses unjust. Therefore, Hruska's Grocery must pay Defendants' reasonable expenses (including attorney's fees) incurred in bringing the motion.

---

[18] *Id.*

## CONCLUSION

Defendants' motion to compel[19] relating to Hruska's Grocery's financial information is granted. Hruska's Grocery must conduct a renewed search and provide supplemental responses and responsive documents within fourteen days of this order. Defendants' request for an award of reasonable expenses, including attorney's fees, incurred in bringing the motion is also granted. The parties must meet and confer regarding the amount of the expenses. If they are unable to agree, Defendants must file a motion regarding the amount within fourteen days of this order.

DATED this 13th day of August, 2025.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[19] (Doc. No. 53.)