UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| HRUSKA'S GROCERY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>HRUSKA'S INC. d/b/a HRUSKA'S KOLACHES; HRUSKA'S WEST JORDAN, LLC; HRUSKA'S SUGARHOUSE, LLC; HRUSKA'S PROVO, LLC; HRUSKA'S OREM, LLC; HRUSKA'S MANAGEMENT GROUP, INC.; and HRUSKA'S AMERICAN FORK, LLC,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (DOC. NO. 80)**<br><br>Case No. 2:24-cv-00769<br><br>Chief District Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

Hruska's Grocery Company brought this trademark action against seven companies, originally claiming they infringed both its registered word marks and its design marks.[1] Later, Hruska's Grocery amended its complaint to remove claims relating to its design marks.[2] Now, Hruska's Grocery moves for leave to file a second amended complaint to add new claims under Utah statutes and common law.[3] The motion is denied. The motion is untimely, Hruska's Grocery fails to show good cause

---

[1] (*See* Compl., Doc. No. 1.)

[2] (First Am. Compl., Doc. No. 64.)

[3] (Pl.'s Mot. for Leave to File Second Am. Compl. (Mot.), Doc. No. 80.)

for the delay in filing it, and allowing the proposed amendment at this stage would unduly prejudice Defendants.

## BACKGROUND

Hruska's Grocery filed this action in October 2024, asserting federal claims under the Lanham Act[4] for trademark infringement and unfair competition, and an unjust enrichment claim under Utah common law.[5] In its original complaint, Hruska's Grocery alleged infringement of both word marks and design marks.[6]

Under the scheduling order, the deadline to file a motion to amend pleadings was May 5, 2025.[7] Approximately two weeks before that deadline, Hruska's Grocery moved for leave to file its first amended complaint, seeking to remove its design mark claims.[8] The court granted the motion on August 12,[9] and Hruska's Grocery filed its first amended complaint the same day.[10] On August 22, at the parties' joint request, the

---

[4] 15 U.S.C. §§ 1114, 1125(a).

[5] (Compl. ¶¶ 31–46, Doc. No. 1.)

[6] (*Id.* ¶¶ 19, 24–25.)

[7] (Scheduling Order, Doc. No. 36.) This scheduling order has since been amended as to other deadlines, but not as to the deadline to move to amend pleadings. (*See* Doc. Nos. 59 & 81.)

[8] (Pl.'s Mot. [for] Leave to File First Am. Compl., Doc. No. 40.)

[9] (Mem. Decision & Order Granting Pl.'s Mot. for Leave to File First Am. Compl., Doc. No. 61.)

[10] (First Am. Compl., Doc. No. 64.)

court stayed the case for forty-five days to permit settlement discussions.[11]  During the stay, in mid-September, three new attorneys entered appearances for Hruska's Grocery.[12]  Hruska's Grocery's prior counsel also remained on the case.

Hruska's Grocery filed the instant motion for leave to file a second amended complaint on October 6, the day the stay expired.[13]  With its proposed complaint, Hruska's Grocery seeks to add new claims for common law trademark infringement, common law unfair competition, and unfair competition under Utah Code §§ 13-5a-101–103.[14]  The proposed amended pleading also adds new allegations in support of the existing claims,[15] as well as requests for injunctive relief and punitive damages.[16]

---

[11] (Order Granting Stip. Mot. to Stay All Case Deadlines for 45 Days, Doc. No. 71.)  This order stayed deadlines in the first amended scheduling order entered July 31, 2025, (Doc. No. 59), and other deadlines not at issue here.  But as noted, the first amended scheduling order did not alter the deadline to move to amend pleadings, which had already expired on May 5, 2025.  (*See* Scheduling Order, Doc. No. 36.)

[12] (*See* Doc. Nos. 75–77.)

[13] (Mot., Doc. No. 80.)

[14] (Ex. 2 to Mot., Redlined Proposed Second Am. Compl., Doc. No. 80-2 at 34–37.)  Citations to this document refer to the CM/ECF pagination.

[15] (*See, e.g.*, *id.* at 11–12 (new allegations that Hruska's Grocery intended to resume kolache sales after discontinuing those sales); *id.* at 24 (new allegations that Defendants knew of Hruska's Grocery's use of the mark before they used the mark).)

[16] (*Id.* at 37–39.)

The same day, the parties filed a stipulated motion to amend the scheduling order, seeking an extension of fact discovery and subsequent deadlines.[17] The court granted the motion, setting a new fact discovery deadline of March 13, 2026.[18]

## LEGAL STANDARDS

Under Rule 15 of the Federal Rules of Civil Procedure, unless an amendment is allowed as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave."[19] Rule 15 instructs courts to "freely give leave when justice so requires."[20] The purpose of this rule is "to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties."[21] "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[22] Prejudice to the opposing party is the "most important" factor in deciding whether to permit amendment.[23]

---

[17] (Doc. No. 79.)

[18] (Second Am. Scheduling Order, Doc. No. 81.)

[19] Fed. R. Civ. P. 15(a)(2).

[20] *Id.*

[21] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (internal quotation marks omitted).

[22] *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (citation omitted).

[23] *Minter*, 451 F.3d at 1207.

In addition to satisfying the Rule 15(a) standard, a party seeking leave to amend pleadings after the deadline has passed must also demonstrate good cause to modify the scheduling order under Rule 16(b)(4) of the Federal Rules of Civil Procedure.[24] This requires the movant to show the "scheduling deadlines cannot be met despite [the movant's] diligent efforts."[25] The movant must "provide an adequate explanation for any delay."[26] "[G]ood cause is likely to be found when the moving party has been generally diligent, the need for more time was neither foreseeable nor its fault, and refusing to grant the continuance would create a substantial risk of unfairness to that party."[27] The good cause requirement may be satisfied, for example, "if a plaintiff learns new information through discovery or if the underlying law has changed."[28] But new claims are barred if the plaintiff "knew of the underlying conduct but simply failed to raise" the claims.[29]

---

[24] *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240–41 (10th Cir. 2014); *see also* Fed. R. Civ. P. 16(b)(4) (providing that a scheduling order "may be modified only for good cause and with the judge's consent").

[25] *Gorsuch, Ltd., B.C.*, 771 F.3d at 1240 (alteration in original) (citation omitted).

[26] *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988 (10th Cir. 2019) (citation omitted).

[27] *Id.* (citation modified).

[28] *Gorsuch, Ltd., B.C.*, 771 F.3d at 1240.

[29] *Id.*

## ANALYSIS

Because Hruska's Grocery filed its motion to amend after the deadline for such motions, Rule 16's "good cause" requirement is addressed first. The Rule 15 factors are addressed next.

<u>Rule 16</u>

Hruska's Grocery has not shown good cause to move to amend its complaint five months after the deadline in the scheduling order. It offers no reason why the new allegations and claims could not have been raised in the original complaint (or first amended complaint). Indeed, Hruska's Grocery acknowledges the "new allegations and claims are all based on the same factual situation as in Hruska's original and First Amended Complaints."[30] This suggests Hruska's Grocery knew of the underlying conduct but simply failed to raise the claims—meaning the new claims are barred.[31]

Hruska's Grocery does not assert in its motion that the proposed amendments are based on a change of law or on new information learned in discovery. For the first time, in its reply, Hruska's Grocery argues it based certain proposed amended allegations on new information. Specifically, Hruska's Grocery asserts Defendants' "activities are continuing to create [consumer] confusion, including confusion that Hruska's first became aware of after the filing of the First Amended Complaint."[32] And it

---

[30] (Mot. 5, Doc. No. 80.)

[31] See *Gorsuch, Ltd., B.C.*, 771 F.3d at 1240.

[32] (Reply 7, Doc. No. 87 (emphasis omitted).)

describes several incidents of consumer confusion "evidenced in Defendants' production of their communications with customers."[33] But Hruska's Grocery already alleged consumer confusion in prior iterations of the complaint,[34] and new allegations of consumer confusion make up only a small portion of the proposed amendments. Hruska's Grocery does not demonstrate it based any of the proposed new *claims*—or any other new allegations—on recently discovered information. The fact that discovery may have revealed additional discrete instances of consumer confusion does not justify the filing of a second amended complaint with new claims.

Hruska's Grocery argues good cause exists for the untimely motion because Hruska's Grocery filed it only "ten days of active litigation" after the filing of the first amended complaint and immediately after the stay for settlement negotiations expired.[35] Hruska's Grocery suggests the court's reasons for allowing the first amendment apply equally to this second proposed amendment—including the fact that there is time left in the discovery period.[36] But the timing and circumstances of the two amendments fundamentally differ. Crucially, Hruska's Grocery timely filed its first motion to amend before the deadline for such motions expired, meaning it was not required to show "good cause" under Rule 16 for an untimely motion. Further, as the court noted in

---

[33] (*Id.* at 3–4.)

[34] (*See, e.g.,* First Am. Compl. ¶¶ 28–29, 35, 40, 45, Doc. No. 64.)

[35] (Mot. 5, Doc. No. 80.)

[36] (*See id.* at 6.)

granting the prior motion, the first amended complaint *narrowed* the claims in this case based on information Hruska's Grocery learned in discovery.[37] By contrast, the proposed second amended complaint *adds* new state-law claims based on conduct Hruska's Grocery knew about from the beginning of the case, rather than newly discovered information. As explained below, where the parties have already conducted substantial discovery, adding claims is prejudicial to Defendants. Under these circumstances, the fact that Hruska's Grocery filed the instant motion to amend only ten "active litigation" days after the first amended complaint does not support a finding of good cause. Hruska's Grocery does not explain why it could not have brought these claims before the amendment deadline expired—or even at the outset of the case.

According to Hruska's Grocery, the proposed amendments were prompted by new counsel (retained during the stay), who "promptly reviewed the Complaint and identified areas for amendment."[38] But retention of new counsel does not justify the untimely amendment here. Hruska's Grocery relies on *Mackey v. Watson*,[39] an unpublished decision in which a district court found good cause for an untimely amendment based, in part, on a change in counsel. But *Mackey* is distinguishable. In *Mackey*, the defendants sought to correct an inaccurate admission in their answer,

---

[37] (*See* Mem. Decision and Order Granting Pl.'s Mot. for Leave to File First Am. Compl. 4, Doc. No. 61.)

[38] (Mot. 5–6, Doc. No. 80.)

[39] No. 17-cv-01341, 2019 U.S. Dist. LEXIS 130435 (D. Colo. Aug. 5, 2019) (unpublished).

which new counsel identified when he was retained after the amendment deadline expired.[40] The court found good cause under Rule 16, where prior counsel mistakenly made the admission without consulting the defendants, and new counsel promptly identified the error and moved to correct it.[41] But here, Hruska's Grocery does not argue the proposed amendment is necessary to correct an inaccuracy. Moreover, Hruska's Grocery did not change counsel; it merely added new attorneys to assist counsel who have represented it from the outset. Under these circumstances, the addition of new counsel does not justify the untimely amendment.

For all these reasons, Hruska's Grocery has not shown good cause under Rule 16 to permit a second amended complaint after the amendment deadline.

Rule 15

Leave to amend must also be denied based on the Rule 15 factors. First, Hruska's Grocery unduly delayed bringing its motion. Undue delay is present when "the party filing the motion has no adequate explanation for the delay."[42] As noted above, Hruska's Grocery does not explain why it could not have brought the proposed new allegations and claims at the outset of this case.

---

[40] See id. at *16–18.

[41] See id. at *16–18, 27–29.

[42] Minter, 451 F.3d at 1206 (citation omitted); see also id. at 1205 n.4 (noting the "rough similarity between the 'good cause' standard of Rule 16(b) and [the] 'undue delay' analysis under Rule 15").

Second, permitting the proposed amendment at this stage would unduly prejudice Defendants. Hruska's Grocery asserts Defendants will not suffer prejudice because the new allegations and claims are based on the same factual situation as the prior claims—namely, Defendants' infringing use of the HRUSKA's trademark.[43] Hruska's Grocery argues all prior discovery relates to both the new and existing claims, and the current schedule leaves ample time for any additional discovery Defendants may need.[44] But Defendants point out the new claims have different elements and remedies than the original claims.[45] And Hruska's Grocery does not dispute this, despite characterizing the new state-law claims as "analogous" and "highly similar" to the federal infringement and unfair competition claims.[46] Defendants also note they have already taken a key witness deposition and used all their allotted written discovery.[47] While Hruska's Grocery indicates it is amenable to reopening the deposition and permitting additional written discovery,[48] this would not eliminate the prejudice. Defendants have shown they conducted substantial discovery in reliance on the existing pleadings. It would be unduly prejudicial to require them to retake

---

[43] (Mot. 4–5, Doc. No. 80.)

[44] (*Id.*)

[45] (Defs.' Mem. in Opp'n to Pl.'s Mot. for Leave to File Second Am. Compl. (Opp'n) 9, Doc. No. 84.)

[46] (*See* Reply 4–5, Doc. No. 87.)

[47] (Opp'n 8–9, Doc. No. 84.)

[48] (*See* Reply 5–6, Doc. No. 87.)

depositions and pursue additional written discovery at this stage to defend against claims which could have been brought at the outset of the case.

Because the proposed amendments are unduly delayed and prejudicial at this stage, the court need not address Defendants' argument that they are futile. Likewise, it is immaterial that the other factors justifying denial of amendment are not present.[49] Leave to amend must be denied based on undue delay and undue prejudice—and Hruska's Grocery's failure to show good cause under Rule 16.

## CONCLUSION

Because the motion is untimely and amendment at this stage would be unduly prejudicial, Hruska's Grocery's motion for leave to amend[50] is denied.

DATED this 7th day of January, 2026.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

[49] There is no evidence of bad faith or dilatory motive, and Hruska's Grocery has not failed to cure deficiencies by amendments previously allowed.

[50] (Doc. No. 80.)